**LITCHFIELD COUNTY, FEBRUARY TERM, A. D. 1791.**

WELLES v. DEXTER.

Action of debt on judgment will not lie unless it appears the plaintiff cannot otherwise have the effect of his judgment.

UPON a writ of error it was determined; that an action of debt upon judgment is not sustainable, unless it appears by the plaintiff's declaration that he could not have the effect of his judgment without it; as where the debtor has absconded and concealed his visible property, and the plaintiff must have recourse to a foreign attachment for security or the like; otherwise the action will be considered as unnecessary and vexatious.

SKINNER ET AL. v. HENDRICK.

Parol evidence not admissible to prove that a specialty delivered to the party, was upon certain parol conditions.

ACTION of ejectment, for sixteen acres of land. Issue to the jury.

The plaintiff's title was under a deed given by Elisha Marsh, to one of his sisters. The defendant offered parol evidence to prove that said Elisha delivered said deed to his sister upon certain conditions, which had not been performed; and so said deed was void.

By the COURT. Parol evidence is not admissible, to prove a deed delivered to the party, to be an escrow; or to prove any parol conditions, which would defeat or control its legal effect and operation. Holt's Rept. Bushnel v. Pasmore, 213; Lothrop v. Bulkley, New Haven adjourned Superior Court, December 1772; where a parol condition was plead in bar of a note delivered to the plaintiff, and Babcock v. Steadman, adjudged upon a writ of error, that a parol condition cannot defeat or control a note delivered directly to the promisee.— Windham adjourned Superior Court December term, A. D. 1783.