New-London,
July,
1822.

Denison
v.
Williams.

DENISON *against* WILLIAMS :

### IN ERROR.

An action of debt on judgment is sustainable, without averring any special facts as a reason for bringing it.

This was an action of debt, brought by *Williams* against *Denison*, on a judgment of the county court for *New-London* county, in *December*, 1811. The writ was dated and served in *February*, 1820. On a demurrer to the declaration, which was general, (a) judgment was rendered for the plaintiff; and thereupon the defendant brought the present writ of error.

*Brainard*, for the plaintiff in error, contended, That the action of debt on judgment would not lie, in this state, except where it became necessary to resort to it, in order to obtain the full benefit of the judgment ; and the ground of this necessity must be stated in the declaration. In *England*, the action of debt on judgment was invented, for the purpose of giving a party who had recovered damages in a real action, the benefit of a *capias* to take the defendant's body in execution for those damages, which he could not otherwise have. And since the disuse of real actions in that country, actions of debt on judgment have been discountenanced, by the courts, as being generally vexatious and oppressive. 3 *Bla. Comm.* 160. But here they were never necessary, for the purpose for which they were introduced in *England;* and it has been repeatedly decided, that they cannot be brought, except for special reasons, which the plaintiff must state as a part of his case. 1 *Swift's Dig.* 573. *Sterne* v. *Spalding, Kir.* 177. *Waldo* v. *Mumford, Kir.* 311. *Welles* v. *Dexter,* 1 *Root* 253.

The action of debt on judgment, in the general form, is less necessary here, than it is in *England*, even at the present day ; for there the party cannot take out execution after the expiration of a year and a day from the judgment ; but here, it may be had, at any time during the lives of the parties. On the other hand, the maxim, "*Interest reipublicœ ut sit finis litium*," applies here with its full force.

(a) Some circumstances were, in fact, stated in the declaration, as a reason for bringing the action ; but they were admitted to be immaterial.

*Goddard,* contra, insisted, That the action of debt on judgment was an action founded *on contract,* and required nothing but the judgment, in full force and unsatisfied, to support it. 3 *Bla. Comm.* 160. There have been conflicting decisions upon this point, in the superior court; and the way is now open for the supreme court to settle it *upon principle.*

*New-London,*
July,
1822.

Denison
*v.*
Williams.

HOSMER, Ch. J. Whether an action of debt is sustainable on judgment, exclusively considered, unaccompanied by the averment of special facts showing a reason for bringing the suit, is the sole question in the present case.

By the superior court, it has been determined, that debt on judgment is not maintainable, unless it be made to appear, that the plaintiff cannot have the effect of his judgment without it. *Welles* v. *Dexter,* 1 *Root* 253. And by the same court, it has been decided, that the action is sustainable, without the allegation of a special cause. *Sterne* v. *Spalding,* *Kir.* 177. Case in *Middlesex* county, fall of 1815. It is time this *vexata questio* was settled.

At common law, it is necessarily implied, " that every person is bound, and has actually agreed, to pay such particular sums of money, as are charged on him, by the sentence, or assessed, by the interpretation, of law. Whatever, therefore, the laws order any one to pay, that instantly becomes a debt, which he hath before-hand contracted to discharge. And this implied agreement it is, that gives the plaintiff a right to institute a second action, founded merely on the general contract, in order to recover such damages or sums of money, as are assessed by the jury, and adjudged by the court, to be due from the defendant to the plaintiff in any former action. So that if he once obtained a judgment against another for a certain sum, and neglects to take out execution thereupon, he may afterwards bring an action of debt on this judgment, and shall not be put upon the original cause of action; but upon showing the judgment once obtained, still in full force, and yet unsatisfied, the law immediately implies, that by the original compact of society, the defendant has contracted a debt, and is bound to pay it." 3 *Black. Comm.* 160. 421. The doctrine asserted by Sir *Wm. Blackstone,* has been abundantly confirmed, by the decisions, which have been had on this subject; and nothing short of some opposing determinations in this state, would justify the least discussion of the question before us. These adjudications, so far as they have

NEW YORK LAW LIBRARY

*New-London,*
*July,*
*1822.*

*Denison*
*v*
*Williams.*

deviated from the law, as understood in *Westminster-Hall,* have been founded in misconception, and in the deduction of an unwarrantable inference. The misconception consisted in the supposition, that the law of *England* is founded on the necessity of reviving their judgments after a year and a day, by *scire-facias,* or by debt; and that in *Connecticut,* inasmuch as an execution may be had during the lives of the parties, it creates an essential difference. Consistently with this theory, it must be assumed, and probably has been, that the action of debt in *Westminster-Hall,* cannot be sustained, so long as an execution can legally issue. But, the law is not so; nor is any reason ever assigned, for instituting debt on judgment, except that it exists, unsatisfied, and in full force. Debt lies upon the judgment of a superior or inferior court, (1 *Chitt. Plead.* 103. 354.) either *within* or subsequent to the year after recovery. *Com. Dig. tit.* Debt A. 2. 1 *Selw. N. P.* 626. *Anon. Salk.* 209. *pl.* 3. 2 *Bac. Abr.* 279. 6 *Bac. Abr.* 104. *Proctor* v. *Johnson,* 1 *Ld. Raym.* 670. And yet, before the expiration of the year, there is nothing to prevent issuing an execution. At common law, no *scire-facias* lay on a judgment in personal actions, for debt or damages, nor until it was given by the statute of *Westminster* 2. 13 *Ed.* 1.; (6 *Bac. Abr.* 104.) and the reason was, that by debt on judgment, it might always have been executed; and in the case of *Hale* v. *Angel,* 20 *Johns. Rep.* 342. lately adjudged, by the supreme court of the state of *New-York,* it was said, by the court, "the common law right of bringing an action of debt, as soon as a judgment is recovered, remains unimpaired."

Unless it be denied, that a judgment implies a contract to pay the sum assessed, it follows necessarily, that an action of debt may be sustained upon it. Undoubtedly, in personal suits, actions of debt upon judgment have been pretty much discountenanced, by the courts, as being generally vexatious and oppressive, by harassing the defendant with the costs of two actions instead of one. 3 *Black. Comm.* 160. Prompted by this principle, an unwarrantable inference, in this state, has sometimes been deduced. To discountenance an action of debt on judgment, by keeping a firm hand upon it, and subjecting it to rigorous strictness, which is the discouragement it receives in *Westminster-Hall,* is very different from denying *the right* to maintain it. This distinction has not always been attend-

ed to ; and a zeal to prevent oppression, perhaps, in some in- *New-London,*
*July.*
1822.
stances, has led to a denial of right.

Denison
*v.*
Williams.

PETERS, CHAPMAN, and BRISTOL, Js. were of the same opinion.

BRAINARD, J. I cannot concur in the opinion of the court, that an action of debt on judgment will lie, in every case, as a matter of course, without assigning a reason. It is true, in *England*, a judgment creditor, at any time, may, and after a year and a day, must, bring his action of debt, or a *scire-facias*, on his judgment. This action of debt on judgment lies at common law ; the process of *scire-facias* is given by statute 13 *Edw.* 1. ; but I believe the *English* common law, in this particular, has never been adopted in this state. There may have been a solitary instance of it, in some branch of the superior court, since its division into circuits. But the principle has never been sanctioned, by any division of the supreme court, or of the superior court, when the judges sate collectively. And I have always understood, that from the earliest settlement—from the first establishment of courts in *Connecticut*—the general sense of the whole and long succession of judges has been against it ; and that for the best of reasons ; because it would be not merely unnecessary, but worse than unnecessary ; because it would produce no good, but might be productive of much evil.

In this state, a judgment once recovered, is, during the lives of the parties, until satisfaction, always in force ; it is never sealed, even by lapse of time. A judgment creditor may, as a matter of right, apply for his execution, when he pleases ; the office of the clerk being always open to his access.

When a suitor applies to a court of law for redress, and suports his claim, they render him a judgment, and offer him the arm of law to carry it into effect, whenever he thinks fit to ask its aid. What more can he desire ? What more can he claim of the government under which he lives ? By an action on his judgment, he calls on a court, to-day, for exactly the same thing, which was granted him yesterday, and which he still has in his possession, and under his own controul, with a right and power to make what lawful use of it he may think proper. To-morrow, he may call for a third, and so on, without end ; and all this, without any reason given, or the least benefit to himself.

*New-London,*
July,
1822.

Denison
*v.*
Williams.

Whenever a judgment creditor can shew the court a reason why he cannot avail himself of the former judgment, or that he could use a second to better advantage than he could the first, justice and common law will give him another.

But the present decision sanctions a principle, in my view, not only unnecessary, but one which, in its consequences, may open a door to needless litigation and endless vexation.

But it is said, the honour and integrity of the bar, will prevent any abuse ; that no honourable high-minded counsellor will have recourse to an action of debt on judgment, unless the interest of his client requires it.

I have as high an opinion of the honour and integrity of the bar, as any man. I have witnessed and experienced them, many years ; and I hope and trust I shall retain a grateful and pleasing remembrance of them, during my existence.

But should the highest court of law in the state, by a solemn decision, declare, that every citizen may, as a matter of right, maintain an action of debt on judgment, from time to time, *ad infinitum ;* what counsellor, I would ask, be he ever so honourable, dare, on application, refuse to make a declaration of debt on judgment ;—what judge dare refuse to sign the process ? How can a court frown on a process, founded on a principle, which they declare to be law ?

Although, as I have before stated, there is no question, that in *England* debt on judgment will lie, at any time until satisfaction ; yet, I believe, were not the principle originally established, as part of their common law, that their courts would now reject it. Mischiefs resulting from it they certainly have experienced. Actions of debt on judgment, they now discourage, as far as they are authorised ; which is by the exercise of their discretionary power over costs.

It is said, if inconveniences or abuses are found to arise from the adoption of the principle, the legislature will correct them. But why adopt a principle, which is not only useless, but from its nature must be fraught with mischief, for the sake of having it corrected ? I say *adopt*, because I am confident, as I have before suggested, that the principle was not incorporated with our original political existence and judicial system. The whole course of our judicial proceedings evince the contrary.

The law of this state on this subject, as I have always understood it, is concisely, but correctly stated, by Judge *Swift*,

in his *Digest*, *vol*. 1. *page* 573. where he says :  " But in this state, an execution can be prayed out at any time, during the life of the parties ; and debt on judgment is not sustainable, unless one of the parties is dead, or some new object is to be obtained."