### Goodrich, administrator of Goodrich, *against* Colvin and Leiber.

J. M'Kown, for the defendants, moved to change the venue in this cause from the county of *Steuben* to the county of *Oneida,* on the ground that the action was debt on a judgment of this court; and the venue in the original cause was laid in the county of *Oneida;* and the record of judgment filed in the office of the clerk of this court at *Utica,* in the county of *Oneida.*

He said, the action of debt on judgment is local; and the venue is confined to the place of filing the record and original venue.  (1 *Chit. Pl.* 272.  2 *Tidd's Pr.* 1035. 2 *John. Cas.* 381.  9 *John. Rep.* 259.)

Debt on judgment is not a local action; and the venue may be laid in any county in the state, without regard to the place of filing the record or the venue in the original cause.

*J. L. Tillinghast*, contra. The case cited from 2 *John. Cas.* 381, was debt on a judgment of the court of common pleas. The reason of the English practice does not apply here. There, records are always filed at *Westminster ;* and the object of confining the venue to that place is, that the record may be the more conveniently inspected. No such purpose is answered here, where we have three clerk's offices in three different parts of the state. The place of trial cannot follow the venue.

*Curia.* Admitting the English practice to be as stated, there is no reason why we should follow it. The main object of a venue is to facilitate the obtaining and introduction of testimony at the trial. These trials in debt on judgment, when by record, are in term time, by the record itself, without regard to the place where it may filed. And if there be any other plea or issue than *nul tiel record,* the venue may be changed, to subserve the convenience of witnesses, as in ordinary cases. There is nothing in the nature of debt on judgment which makes it local.

Motion denied.