## KINGSLAND & CO. *vs.* FORREST.

1. In this State debt will lie on a judgment, after a year and a day, although an execution may legally issue upon it. The remedy by execution is cumulative merely, and the statute giving it does not take away the common law right of suing on the judgment.

ERROR to the Circuit Court of Montgomery. Tried before the Hon. Thos. A. Walker.

THIS was an action of debt, instituted by the plaintiffs against the defendant in error, in December 1849, to recover the amount of a judgment recovered in 1840. The defendant, among other pleas, pleaded that the judgment was rendered within ten years of the commencement of the action and that execution had issued within a year and a day after after its rendition and been returned no property, &c. The plaintiffs demurred to the plea, but the court overruled the demurrer, and this is the error now assigned.

COCKE, for the plaintiffs.

BELSER & HARRIS, for the defendant.

DARGAN, C. J.—The only question, we deem it necessary to decide, is this—whether an action of debt will lie in this State on a judgment, rendered more than a year and a day, but less than ten years from the institution of the suit, and on which execution had issued within the year and been returned no property found.

I confess that my researches have not satisfied my mind, whether an action of debt could be maintained at common law on a judgment within the year and day from the time of its rendition, and when the plaintiff could issue his execution thereon. The common law writers lay it down generally, that debt will lie on a judgment.—1 Chitty's Pl., 126 ; 1 Tidd's Pr. 3. Blackstone says, that if one has obtained a judgment against another and neglects to sue out execution thereon, he may afterwards bring an action of debt on the judgment.—Vol. 3, 129. Mr. Selwyn says that debt lies on a judgment within or after a year

and a day, but he refers only to one case, decided in 43 Edward III, 2, 3.    But this case is not within our reach, and we see that different conclusions have been drawn by different American courts from the same authority.—See Clark v. Good-wyn, 14 Mass. 237, and Lee v. Giles, 1 Bail. 449.    The question, however, has often been discussed in courts of the different States, and the decided weight of American authority is that debt will lie on a judgment within the year and day ; but we find it asserted on general principles, without reference to any decided case in England, save the one we have refered to.    See Headly v. Roby, 6 Ohio, 521; Hale v. Angel, 20 Johns. 342; 6 Cow. 397 ; 1 Hill, 645; 3 Scam. 541 ; 4 Conn. 402 ; 14 Mass. 237.    It is true, in the case in 4 Conn., there are several references to English authorities, but on examination, they will, I think, be found inapplicable to the question decided in the reign of Edward  III.    The note of that case, as I find it in Viner's Abr., is as follows : "At common law, if a man had recovered a debt, he might have had an action of debt on this judgment after the year."—Vol. 7, Title, Debt, O.    I should, therefore, hesitate before I would hold that debt would lie on a judgment within the year of its rendition.    But no one will deny that at common law debt may be brought on a judgment after the year and day had past, and the only question we need decide is whether our statute has taken away this common law remedy.

It is true that when an execution has been issued within the year and day, and has not been returned satisfied, an alias execution may be issued on the same judgment, within ten years, without a *scire facias* (Clay's Dig. 206-7,) but this statute does not take away the common law right to sue in debt on the judgment.    It only gives the plaintiff the remedy by execution to coerce the payment of the judgment, if he sees proper to use it, but was not intended to deprive him of his action of debt. The remedy given by the statute is cumulative merely, and a plaintiff may, if his judgement be not satisfied, sue in debt upon it, although he could, under the statute, issue an alias execution.    We think it very clear that the court erred in overruling the plaintiff's demurrer to the defendant's third plea, and the judgment is therefore reversed and the cause remanded.