J. C. ELDREDGE ET AL. V. AULTMAN, MILLER & CO.

[FILED DECEMBER 20, 1892.]

**Action on Domestic Judgment.** In this state an action can be maintained on a domestic judgment.

ERROR to the district court for Lancaster county.    Tried below before TIBBETS, J.

*H. H. Blodgett,* for plaintiffs in error.

*Davis & Hibner, contra.*

NORVAL, J.

The petition filed in the court below contains two counts In the first it is alleged, in substance and effect, that defendant in error recovered a judgment against plaintiffs in error before B. H. Turner, a justice of the peace of Fillmore county, for the sum of $70.95 and costs, taxed at $3.20; that a transcript of said judgment has been duly filed in the office of the clerk of the district court of Fillmore county; that the defendant in error has paid the above costs in full, and there is due and unpaid on said judgment the sum of $74.15 and interest.

For a second cause of action it is averred that the defendant in error recovered a judgment against plaintiffs in error before John Barsby, a justice of the peace within and for Fillmore county, for $30.35, and costs of suit, taxed at $2.90; that a transcript of said judgment has been duly filed in the district court of said county; that defendant in error has paid all of said costs; that plaintiffs in error have never paid said judgment, or any part thereof, except $15.90, and that there is due upon said judgment $16.35 and interest thereon.    The prayer is for a money judgment.

Eldredge v. Aultman.

To the petition the plaintiffs in error, defendants below, filed a general demurrer, which was overruled by the court, and they electing to stand upon their said demurrer, judgment was rendered against them and in favor of plaintiff below in accordance with the prayer of the petition.

Counsel in the brief of the plaintiffs in error assumes that this is an action to revive dormant judgments, and argues therefrom that, as the original judgments were obtained in Fillmore county, proceedings to revive them must be brought in that county and in the court in which they were rendered; therefore the district court of Lancaster county had no jurisdiction of the subject-matter. No such question was presented to the court below; besides counsel is in error in supposing that this is an action of revivor. This is in no sense such a proceeding. The object and purpose of the suit is to recover a new judgment for the amount due and unpaid on the original judgments described in the petition. Hence it is unnecessary to decide whether an action to revive a judgment can be brought in a county other than that in which the judgment was rendered.

The sole question presented for decision is: Can a suit be maintained on a judgment recovered in this state? At common law an action lies on a domestic judgment, and there is no statutory provision in this state which takes away that right. True, a domestic judgment may be enforced by execution, but such remedy is not exclusive. It is merely cumulative. A judgment, whether foreign or domestic, is a debt of a high order, and a recovery may be had upon it as upon any other contract. While there is some conflict in the decisions, the proposition stated is sustained by the great weight of authority in this country. (Black, Judgments, sec. 958; *McDonald v. Butler,* 3 Mich., 558; *Headley v. Roby,* 6 O., 521; *Burnes v. Simpson,* 9 Kan., 658; *Hummer v. Lamphear,* 32 Id., 439; *Ames v. Hoy,* 12 Cal., 11; *Stuart v. Lander,* 16 Id., 372; *David-*

son v. Nebaker, 21 Ind., 334; Becknell v. Becknell, 110 Id., 42; Greathouse v. Smith, 4 Ill., 541; Denison v. Williams, 4 Conn., 402; Ives v. Finch, 28 Id., 112; Kingsland & Co. v. Forrest, 18 Ala., 519; Elliott v. Holbrook, 33 Id., 659; Church v. Cole, 1 Hill [N. Y.], 645; Wilson v. Hatfield, 121 Mass., 551; Stewart v. Peterson's Executors, 63 Pa. St., 230; Haven v. Baldwin, 5 Ia., 503; Simpson v. Cochran, 23 Id., 81; Thomson v. Lee County, 22 Id., 206.)

It follows from what has been said that the petition states grounds for action, and that the court did not err in overruling the demurrer. The judgment is

AFFIRMED.

THE other judges concur.