[Field v. Sims.]

# Field *v.* Sims.

*Action upon Judgment obtained before Justice of the Peace.*

1. *Action upon judgment obtained before justice of the peace; running of statute of limitations not suspended by issue of executions* —The limitation of six years upon actions founded upon judgment obtained before justices of the peace (Code, § 2615, sub-div. 9) applies to the common-law cause of action on the judgment itself; the time is computed from the date when the right to sue on the judgment accrued; and the date of the accrual of this right to sue on the judgment is not postponed by the issue of executions on the judgment, under the statute (Code, §§ 2615, 3363, 3364).

2. *Same; right of defendant to set up the bar of the statute of limitations; res adjudicata.*— Where the defendant, in an action on a judgment obtained before a justice of the peace, pleads the statute of limitations, a replication to such plea, which states that a motion to quash an execution issued upon the judgment "upon the point, among others, that said execution had been issued on a judgment barred by the statute of limitations of six years," was overruled, is insufficient, as not showing that the disposition of the motion referred to necessarily involved an adjudication upon the right of the defendant to avail himself of the benefit of the plea of the statute of limitations.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. JOHN B. TALLY.

On January 1, 1890, the appellant, A. E. Fields, brought this action before a justice of the peace, against the appellee, D. H. Sims, to recover the amount due on a certain judgment which was rendered in favor of the plaintiff against the defendant by a justice of the peace on February 4, 1882. The justice of the peace rendered judgment in this case in favor of the plaintiff, and the defendant appealed to the Circuit Court. In the Circuit Court the defendant interpleaded the plea of the statute of limitations of six years. The plaintiff filed the following replications to this plea: (1.) "That said judgment, the cause of action herein, is not barred by the statute of limitations of six years, as alleged in said plea, because execution was issued within six years after the rendition thereof, and execution was issued thereon within six months after the rendition thereof, and that the full period of six years necessary to complete the bar has not elapsed between the issuance of any two consecutive executions on said judgment, and that six years have not expired since the issuance of the last execution thereon." (2.) "That execution issued on the judgment, the cause of

[Field v. Sims.]

action herein, within six months after the rendition thereof, which said execution was placed in the hands of an officer authorized to execute the same, and was by said officer duly returned in accordance with the mandate of the same, with his endorsement thereon, to the court whence it was issued; that thereafter, on or about the 10th day of March, 1882, an *alias* execution was issued on said judgment, and placed in the hands of an officer for the due execution thereof, which said execution was by said officer duly returned to the court whence the same had issued, with the endorsement thereon of said officer, in effect that the same had not been satisfied; and plaintiff avers that other and different executions were issued as follows: December 12, 1885, July 25, 1888, and December 17, 1889. Plaintiff avers that the execution issued on said judgment on the 17th day of December, 1889, was placed in the hands of W. T. Patrick, then constable, to be executed; that, thereupon, said officer levied said execution upon the property of defendant, which said property was released by said officer on the claims of third parties thereto, and said execution returned into court, endorsed, 'not satisfied.' That, subsequent to the levy of said execution as aforesaid, and prior to the release of the property levied upon, and during the life of said execution, the defendant filed his motion in the court from which said execution emanated, moving the court to quash the said execution, on various grounds therein stated and set out, and, thereupon, an issue as to the validity of said execution *vel non* was raised by the pleadings and evidence in the trial of said motion to quash said execution, upon the point, among others, that said execution had been issued on a judgment barred by the statue of limitations of six years; that afterwards, to-wit, on the 4th day of January, 1890, and after the institution of this suit, said motion came on to be heard and was tried on its merits by said court, and the judgment of the court was had thereon, and said motion to quash said execution was, by the judgment of said court, overruled and disallowed; and from said judgment of said court so rendered on said execution no appeal has been taken, and said judgment remains in full force and effect, and in no manner has it been vacated, set aside, or annulled." The defendant demurred to the first replication, upon the ground, among others, that it did not allege or show that six years had not elapsed since the rendition of said judgment, before the commencement of this action; and to the second replication, upon the same ground, and also upon the ground, among others, that said replication does not show that said

[Field v. Sims.]

ruling on the motion to quash said execution was made because of the statute of limitation of six years. The court sustained these demurrers to the replications, and judgment was rendered in favor of the defendant. The rulings on these demurrers are now assigned as error.

EMORY C. HALL, for appellant.

ROBINETT & ALLGOOD, contra.

WALKER, J.—At common law, an execution was required to be issued, unless the judgment was revived, within a year and a day after the entry of the judgment.—*Elliott v. Mayfield*, 3 Ala. 223. In *Kingsland v. Forrest*, 18 Ala. 519, some doubt was expressed as to the right at common-law to sue on the judgment within the year and a day allowed for the issue of an execution upon it. "But," the court said, "no one will deny that at common law debt may be brought on a judgment after the year and a day has passed." It was held in that case that a statute giving the right to issue *alias* executions on the same judgment, within ten years, without a *scire facias*, did not take away the common-law right to sue in debt on the judgment after the lapse of a year and a day from the date of its entry. DARGAN, C. J., said: "The remedy given by the statute is cumulative merely, and a plaintiff may, if his judgment be not satisfied, sue in debt upon it, although he could, under the statute, issue an alias execution." The weight of authority is in favor of the view that an action can be maintained on the judgment, although the time has not expired in which, under the common law, an execution could issue to enforce it. 12 Am. & Eng. Encyc. of Law, 149.

Under existing statutes, actions founded upon judgments obtained before justices of the peace in this State are barred by a limitation of six years; while, if an execution has been issued within six months after the rendition of such a judgment, and has not been returned satisfied, another execution may be issued thereon at any time within three years thereafter, without a revival of the judgment; and the right to revive such judgment by *scire facias* is barred after the lapse of five years from the rendition thereof, or from the issue of the last execution thereon.—Code, §§ 2615, 3363 and 3364. The limitation of six years applies to the common-law cause of action on the judgment itself, and the time is computed from the date when the right to sue accrued. So long as the judgment remains unsatisfied, the common-law right to sue

thereon is not suspended by the plaintiff seeking the benefit of a concurrent remedy given him by the statute for the enforcement of the judgment by means of an execution. The provisions as to the time within which executions may issue without a revival of the judgment, and as to the time within which a judgment which has become dormant may be revived so that executions may issue on it, are regulations of statutory remedies for the enforcement of the judgment, which are cumulative and independent of the common-law right to sue on it. The date of the accrual of the common-law cause of action on the judgment is not postponed by the issue of executions under the statute. The limitation of six years applies, though executions have been regularly issued within that time. It follows that a replication setting up the regular issue of executions within that time is no answer in law to a plea of the statute of limitations of six years. In the present case the cause of action described in the complaint was barred, whether the right to sue on the judgment accrued at the date of its rendition or a year and a day thereafter.

The statement in replication 2, that a motion to quash an execution issued upon the judgment, "upon the point, among others, that said execution had been issued on a judgment barred by the statute of limitations of six years," was overruled, does not show that the question of the bar of the statute was necessarily involved in the ruling on that motion. For anything that appears, the motion may have been properly disposed of on other grounds, not mentioned in the replication. It is not perceived how the question of the limitation of the right to maintain an action on the judgment could be involved in a motion attacking the regularity of an execution under the statute. Certain it is that the replication does not show that the disposition of the motion referred to was an adjudication upon the right of the defendant in this case to avail himself of the benefit of the plea of the statute of limitations.

There was no error in sustaining the demurrers to the replications.

Affirmed.