# Kaufman *v.* Richardson.

### *Action upon a Judgment.*

1. *Action upon a judgment; sufficiency of complaint.*—In an action upon a judgment, the complaint is sufficient if it sets forth the court by which the judgment was rendered, the place at which the court was held, the names of the parties, plaintiff and defendant, the date of its rendition, and the amount recovered; and it is not necessary in such a com-

[Kaufman v. Richardson.]

plaint to allege any particular reason for bringing the action upon the judgment theretofore recovered, other than that it was unpaid.

2. *Action upon a judgment; can be maintained within a year and a day.*—An action can be maintained upon a judgment within a year and a day from its rendition, which is before the expiration of the time after the rendition of the judgment within which an execution could be issued thereto to enforce it.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. A. H. ALSTON.

This action was brought by the appellant, Louis Kaufman, against William Richardson. The complaint was in words and figures as follows: "The plaintiff claims of the defendant the sum of seven and 60-100 dollars, due from him on and by a judgment containing a waiver of exemptions of personal property, wages and salary, rendered in favor of plaintiff against the defendant, in the sum aforesaid, on the 24th day of July, 1903, in the justice court of J. B. Wilson, a justice of the peace, Demopolis Beat, Marengo County, Alabama, which said judgment, with interest, is still unsatisfied, due and unpaid." In the circuit court the defendant demurred to the complaint, among others, upon the following grounds: 1. Because said complaint shows on its face that it is based on a judgment and that said judgment was recovered less than a year before the filing of this suit. 2. Because said complaint shows on its face that this suit was prematurely brought. 3. Because said complaint shows on its face that it is based on a judgment recovered by the plaintiff against the defendant on the 24th day of July, 1903, and fails to aver any facts showing any necessity for suing on said judgment. 4. Because no action lies on a judgment in Alabama, until a year and a day after the rendition thereof, and said complaint shows on its face that the judgment which is the foundation of this suit was recovered on the 24th day of July, 1903. 5. Because said complaint fails to allege or show that there is any necessity for maintaining said suit on said judgment therein

described, and fails to allege or show that there is any necessity for maintaining said suit on said judgment therein described, and fails to allege or show that any advantage or benefit therein described will accrue to the said plaintiff by reason of said suit. The demurrer to the complaint was sustained and thereupon the plaintiff declining to plead further, judgment was rendered in favor of the defendant.

From this judgment plaintiff appeals, and assigns as error the sustaining of the demurrer to the complaint.

ABRAHAMS & SIMON, for appellant.—An action can be maintained on a judgment, although the time has not expired in which, under the common law, an extension would issue to enforce it.—*Field v. Sims,* 96 Ala. 540; 12 Am. & Eng. Ency. Law (1st Ed.) p. 149j; *Marx v. Sanders,* 98 Ala. 500-503; 12 Am. & Eng. Enc. Law (1st Ed.) p. 149j; notes 5 and 6; 18 Ala. 519.

The complaint is sufficient and it was unnecessary to allege any reason for bringing the suit other than that alleged in the complaint, to-wit: that the judgment was unpaid.—12 Am & Eng. Enc. Law (1st Ed.) § 41, pp. 149j and 149k, and note 1 p. 149 k; 95 Ala. 145.

McDANIEL & POWELL, *contra.*—There is no reason or just ground for allowing a plaintiff to sue on a judgment in this State immediately upon its rendition, without averring some reason or necessity therefor. To allow such an action is contrary to the theory and intent of our laws. The plaintiff has every remedy on his original judgment that he could possibly have under a new judgment. The common law rule that no interest can be recovered on a judgment does not exist in this State. Is it fair, or humane, to allow a plaintiff to pile up costs on a defendant without any benefit to himself? Upon the following authorities the court did not err in sustaining defendant's demurrers.—*Pitzer v. Russell,* 4 Oregon 12; *Lee v. Giles,* 1 Bail. (S. C.) 449; *Kingsland v. Forrest,* 18 Ala. 519; Dissenting opinion; *Solen v. Virginia,* etc. R. R. Co. 15 Nev. 313; *Vandiver v. Hammon,* 4 Rich. L. (S. C.) 509; *Shooter v. McDuffin,* 5 Rut. L. (S. C.)

61; *Ligon v. McNeil,* 6 Rut. L. (S. C.) 377; 32 Kans. 439; 75 Tex. 278; 80 Iowa 225; 144 N. Y. 326.

DOWDELL, J.—The action in this case was commenced in the justice court, and was brought on a judgment, which the plaintiff had recovered against the defendant in another different justice court. The present case was carried into the circuit court by the statutory writ of certiorari. In the latter court a demurrer was sustained to the complaint, and the plaintiff declining to further plead, a judgment was rendered on the demurrer in favor of the defendant, and from this judgment the plaintiff prosecutes this appeal.

Among other things, the demurrer, which was sustained by the circuit court, challenged the sufficiency of averments in the complaint. The demurrer in this respect was bad. The complaint contained every essential averment in a suit on a judgment.—*Andrews v. Flack & Wailes,* 88 Ala. 294.

The main and important question presented by the demurrer, and insisted on in argument, is, whether an action can be commenced on a judgment within a year and a day, or in other words, before the expiration of the time after the rendition of the judgment, within which an execution could be issued on the same. A similar question was considered by this court as far back as 18 Ala., in *Kingsland & Co. v. Forrest,* 519. In that case the question was, whether an action of debt would lie in this state on a judgment, rendered more than a year and a day, but less than ten years from the institution of the suit, and on which execution had issued within the year and been returned no property found. After a review of the authorities, the conclusion was reached, that in such a case, the action would lie. In that case, in the opinion by DARGAN, C. J., it is said, that the decided weight of American authority is that debt will lie on the judgment within the year and a day. This seems sound doctrine, and we are unable to see any good reason for a contrary view. It is a logical sequence to the conclusion reached in *Kingsland & Co. v. Forrest, supra.* In that

case, the plaintiff having taken execution on his judgment within the year, had his right to another execution at the time suit was brought, just as much as the plaintiff who sues on the judgment within the year from its rendition, that being the time, within which execution may issue. The judgment is in the nature of a contract, and the obligation is on the defendant to satisfy it from the time of its rendition if not legally stayed, and it is due from that time. It is no argument to say that the plaintiff should not be permitted to oppress the defendant with the costs of another suit on the judgment, and a complete answer is, that the defendant may avoid this by satisfying the judgment.

In *Field v. Sims,* 96 Ala. 540, it was said: "The weight of authority is in favor of the view that an action can be maintained on the judgment, although the time has not expired in which, under the common law, an execution could issue to enforce it."—12 Am. & Eng. Ency. Law, 149. Furthermore, it was said in *Kingsland & Co. v. Forrest, supra*: "The remedy given by the statute is cumulative merely, and a plaintiff may, if his judgment be not satisfied, sue in debt upon it, although he could, under the statute, issue an alias execution." In *Field v. Sims, supra,* which was an action on a judgment obtained before a justice of the peace, it was held that the statute of limitations began to run from the date of the rendition of the judgment. And this could not be unless the right of action on the judgment had accrued, since the statute of limitations, as a rule, only commences to run from the accrual of the right of action. See also, *Marx v. Sanders,* 98 Ala. 500.

Our conclusion is that the circuit court erred in sustaining the demurrer to the complaint, and for this error the judgment must be reversed.

Reversed and remanded.

McClellan, C. J., Haralson and Denson, J.J., concurring.