BEATTY, Justice.
Appeal by plaintiff, Hibernia National Bank (Hibernia), from a summary judgment in favor of defendant, John G. Morrison, in Hibernia’s action to recover upon a judgment against Morrison rendered in the State of Louisiana. We affirm.
On December 9, 1974, plaintiff, Hibernia, recovered a money judgment by default against defendant Morrison in a Louisiana court. The judgment was for $35,000, plus interest and attorneys’ fees. Hibernia then sued Morrison in circuit court in DeKalb County, Alabama, on that Louisiana judgment. On August 27, 1975, the DeKalb Circuit Court entered a default judgment in favor of Hibernia based upon the Louisiana judgment. The propriety of these judgments is not in issue here.
Later, in July 1984, Hibernia filed this present action in DeKalb Circuit Court against Morrison to recover upon the same Louisiana judgment under which it, Hibernia, had recovered the prior Alabama judgment of August 27, 1975.
Both parties moved for summary judgment. After a hearing, the trial court granted summary judgment for the defendant, Morrison, under the doctrine of res judicata.
On its appeal, Hibernia cites as authority for this second Alabama action on the Louisiana judgment the cases of Kaufman v. Richardson, 142 Ala. 429, 37 So. 673 (1904), and Kingsland & Co. v. Forrest, 18 Ala. 519 (1850), as well as Code of 1975, §§ 6-2-32, 6-9-191, 6-9-210, and 6-9-211. Hibernia contends that these cases and statutes recognize a common law cause of action on an original judgment even though the subject matter of that action has already been the subject of a previous judgment in the same court.
Kingsland & Co., supra, was an action of debt brought in 1849 to recover upon a judgment recorded in 1840. The decision does not disclose the location of the court which had rendered the judgment, i.e., whether it was the same or a different court. This Court stated the issue as follows:
“[Wjhether an action of debt will lie in this State on a judgment, rendered more than a year and a day, but less than ten years from the institution of the suit, and on which execution had issued within the year and been returned no property found.” 18 Ala. at 519.
The Court acknowledged that at common law an action of debt would lie on a judgment “after the year and day had past,” and said, “the only question we need decide is whether our statute has taken away this common law remedy.” The Court then analyzed the then-existing levy and execution statute:
“It is true that when an execution has been issued within the year and day, and has not been returned satisfied, an alias execution may be issued on the same judgment, within ten years, without a scire facias (Clay’s Dig. 206-7) but this statute does not take away the common *950 law right to sue in debt on the judgment. It only gives the plaintiff the remedy by execution to coerce the payment of the judgment, if he sees proper to use it, but was not intended to deprive him of his action of debt. The remedy given by the statute is cumulative merely, and a plaintiff may, if his judgment be not satisfied, sue in debt upon it, although he could, under the statute, issue an alias execu-tion_” 18 Ala. at 520.
In Kaufman, supra, plaintiff, having obtained a money judgment against defendant, brought another action against defendant on that judgment. The question presented to this Court was:
“[Wjhether an action can be commenced on a judgment within a year and a day, or, in other words, before the expiration of the time after the rendition of the judgment within which an execution could be issued on the same.... ” 142 Ala. at 432, 37 So. at 674.
This Court followed Kingsland & Co., supra, in answering in the affirmative:
“In that case, the plaintiff having taken execution on his judgment within the year, had his right to another execution at the time suit was brought, just as much as the plaintiff who sues on the judgment within the year from its rendition, that being the time, within which execution may issue. The judgment is in the nature of a contract, and the obligation is on the defendant to satisfy it from the time of its rendition if not legally stayed, and it is due from that time. It is no argument to say that the plaintiff should not be permitted to oppress the defendant with the costs of another suit on the judgment, and a complete answer is, that the defendant may avoid this by satisfying the judgment.” 142 Ala. at 432-33, 37 So. at 674.
Plaintiff, on the strength of these cases, argues that the first judgment rendered by the DeKalb Circuit Court, which was a judgment based on the Louisiana judgment, created a new debt, and that, therefore, he was suing on this new debt based upon the old judgment. Plaintiff maintains that such an action is sanctioned by implication by Code of 1975, §§ 6-2-32, 6-9-191, 6-9-210, and 6-9-211.
Section 6-2-32 is a statute of limitations which provides that “actions upon a judgment or decree of any court of this state ... or of any state ... of the United States must be commenced” within 20 years.
Section 6-9-191 establishes the rebut-table presumption that a judgment is satisfied “[i]f 10 years have elapsed from the entry of the judgment without issue of execution or if 10 years have elapsed since the date of the last execution issued.”
Section 6-9-210, among other things, allows the owner of a judgment to file a certificate of the judgment for record in the office of a probate judge.
As to the property of the defendant named in the certificate, § 6-9-211 creates a lien on that property subject to levy and sale. This lien continues for 10 years from the date of the judgment, but may be extended by an action to foreclose the lien.
Plaintiff argues that these statutes are restrictive in nature, and thus a new action should be allowed to give a judgment creditor a “vital tool” in overcoming them, i.e., a new and additional suit on the original judgment before the expiration of 10 years in. order to create a “new” judgment.
We cannot agree with the plaintiff that the authorities it cites support its conclusion. To the contrary, none of the authorities cited permits repeated, and perhaps endless, actions on an original judgment. Both Kingsland & Co., supra, and Kaufman, supra, involved one action, in, or in the nature of an action in, debt upon a previously obtained judgment. Neither of those cases was concerned with still another action based on the same original judgment in the same court which had rendered the judgment in the first action (in debt) based upon the original judgment.
What was the effect of the Louisiana judgment? It was to establish in plaintiff a title to the sum of money awarded and to fix upon the defendant a duty to pay. Since, by virtue of the United States *951 Constitution, Art. IV, § 1, the judgment of the court of record in Louisiana had the dignity of a judgment of a court of record in Alabama, the first Alabama action, based upon that judgment, confirmed that the defendant was obligated to pay this plaintiff the liquidated sum of money awarded it by the Louisiana judgment. Foshee v. General Telephone Co. of the Southeast, 295 Ala. 70, 322 So.2d 715 (1975). See generally, Keigwin, Cases in Common Law Pleading, 45-46 (2d ed. 1934). The first Alabama action was, in effect, an action of debt on a judgment, and it is conceded that the second action (likewise an action in debt) is based upon the same Louisiana judgment, is between the same parties, involves the same issues, and is brought in the same court that rendered the judgment in the first action on the Louisiana judgment.
The essential elements of res judi-cata are (1) a prior judgment on the merits (2) rendered by a court of competent jurisdiction (3) with identity of issues and (4) substantial identity of parties. Desroches v. Ryder Truck Rental, Inc., 429 So.2d 1010 (Ala.1983). “The principle of res judi-cata is [predicated] upon the doctrine that litigation must come to an end.” Trimble v. Bramco Products, Inc., 351 So.2d 1357, 1362 (Ala.1977). That doctrine applies to this case, which is nothing more than a repetition of the first Alabama action this same plaintiff brought on the same Louisiana judgment. Plaintiff seeks by this second action to obtain the same judgment it obtained in the first Alabama action in the same circuit court against the same defendant on the same Louisiana judgment. This second action is barred by res judicata. Plaintiff’s authorities do not reach that question.
Let the judgment be affirmed.
AFFIRMED.
MADDOX and JONES, JJ., concur.
TORBERT, C.J., and SHORES, J., concur specially.