TETTAMANZI ET AL., DEMANDANTES Y APELADOS, *v.* ZENO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre cobro de dinero.

No. 1486.—Resuelto en febrero 9, 1917.

EJECUCIÓN DE SENTENCIA—OBLIGACIONES RECONOCIDAS POR SENTENCIA—ACCIÓN ORDINARIA PARA EXIGIR SU CUMPLIMIENTO.—El hecho de que existan trámites marcados en la ley para la ejecución de las sentencias, no impide que se recurra a la vía ordinaria para exigir el cumplimiento de las obligaciones reconocidas en las mismas.

ALEGACIONES JURADAS—JURAMENTO POR UN EXTRAÑO—DESAHUCIO.—Una persona que no es parte en un pleito puede jurar cualquier alegación que se presente en el mismo en el caso previsto en el artículo 118 del Código de Enjuiciamiento Civil, no estando dicho caso circunscrito a pleitos de desahucio, porque la autorización que se concede es general y donde el legislador no distingue no deben los tribunales distinguir.

ID.—DEMANDA JURADA—CONTESTACIÓN JURADA—SENTENCIA SOBRE LAS ALEGACIONES.—Habiéndose presentado la demanda debidamente jurada en este caso, el demandado debió haber jurado su contestación, y al no hacerlo así, no puede quejarse de que la corte, a instancias de la parte demandante, dictara sentencia sobre las alegaciones.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Eugenio Benítez Castaño.*

Abogados de los apelados: *Sres. José A. y Alberto S. Poventud.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La demanda en este caso es como sigue:

"Comparecen ante la Hon. Corte los demandantes arriba nombrados y, respetuosamente, exponen y solicitan como sigue: I, Que los predichos demandantes son los únicos herederos legítimos de Doña Clementina Voigt y de Castro, fallecida ésta en 11 de agosto de 1908. II. Que en un pleito seguido, en cobro de deuda, ante la Corte de Distrito de los Estados Unidos en y para Puerto Rico, radicado bajo el número de orden 114, por la causante de los demandantes, dicha

Doña Clementina Voigt y de Castro, como demandante, contra el demandado Don Manuel Antonio Zeno Gandía, aquélla, o sea, la referida Doña Clementina Voigt y de Castro, obtuvo un fallo a su favor y contra el entonces y ahora demandado Manuel Antonio Zeno y Gandía, cuya sentencia fué dictada y registrada en debida y legal forma por dicho tribunal, en mayo 13 de 1904, en esta Isla de Puerto Rico, por la cantidad de $2,153.63, más las costas del pleito relacionado y devengando todo ello, desde el indicado día 13 de mayo de 1904 el interés legal del seis por ciento (6%) anual hasta su definitivo solvento, siendo la ameritada sentencia firme y ejecutoria.   III. Que las costas del indicado pleito ante la Corte Federal, fueron legal y debidamente tasadas en $121.05 que, unido a la expresada suma principal de tal sentencia, montaba en la indicada fecha a $2,274.68, de los que sólo pudo hacer efectiva dicha Doña Clementina Voigt de Castro la suma de $23, quedando pendientes de ser satisfechos por el entonces y ahora demandado, Manuel Antonio Zeno Gandía, según información y creencia de los actores, la suma de dos mil doscientos cincuentiún dollars con sesenta y ocho centavos, ($2,251.68).   IV. Que el interés legal del seis por ciento (6%) anual sobre la indicada suma de $2,251.68, concedido por el ameritado fallo, asciende, desde el expresado día 13 de mayo de 1904, hasta hoy, a la suma de un mil cuatrocientos noventa y seis dollars con cuarenta y nueve centavos ($1,496.49), cuyos intereses, unidos a la cantidad principal mencionada en el hecho anterior, hacen un total de tres mil setecientos cuarentiocho dollars con diez y siete centavos ($3,748.17), que el referido demandado adeuda y debe hoy a los mencionados demandantes, según información y creencia de éstos, sin que tal demandado les haya satisfecho parte alguna de la expresada cantidad, ni tampoco a persona alguna para los referidos demandantes.   Por tanto, a la Hon. Corte suplicamos: se sirva, previo los tramites legales, dictar un fallo condenando al demandado a pagar a los demandantes la indicada suma total de $3,748.17, con el interés legal de esta suma desde la interposición de la demanda, y las costas, desembolsos y honorarios de abogado.   Ponce, junio 10, 1915.   (Firmado) José A. y Alberto S. Poventud.   Abogados de los demandantes.   Don Roberto Graham y Frazer, bajo juramento expone: que es el mandatario y apoderado de los demandantes en el pleito arriba intitulado; que ha autorizado a los abogados suprascritos para presentar esta demanda; que los demandantes arriba nombrados se encuentran ausentes de este distrito, por cuyo motivo no hacen el presente *affidavit;* y que los hechos de la precedente demanda, que ha leído, son ciertos,

excepto los expuestos por información, los cuales cree ciertos.   (Firmado) Roberto Graham.   *Affiant.—Affidavit* No. 1252.   Jurado y suscrito ante mí por Don Roberto Graham y Frazer, mayor de edad, casado, ingeniero, vecino de Ponce y por mí personalmente conocido, hoy día diez de junio de 1915, en la Ciudad de Ponce, P. R.   (Firmado) Gustavo Rodríguez, Notario Público.   Presentada en 10 de junio de 1915.   Por: A. Gotay Purcell, Sub-secretario.   José Rosario Gelpí, Sec., Corte Distrito de Ponce.''

El demandado excepcionó la demanda por no aducir hechos suficientes para determinar una causa de acción y la corte declaró su excepción sin lugar.   Entonces la contestó en la siguiente forma:

''Comparece el demandado por medio del abogado que suscribe, y, contestando la demanda interpuesta con el título que arriba se expresa, alega: Que niega general y especialmente todos y cada uno de los hechos expuestos en dicha demanda. Y, por tanto, el demandado suplica a la corte dicte sentencia a su favor, con costas, gastos y honorarios de abogado a cargo de los demandantes. (Firmado) Eugenio Benítez. Abogado del demandado. Presentada en 7 de febrero de 1917. Por: A. Gotay Purcell, Sub-secretario. José Rosario Gelpí, Sec., Corte de Distrito de Ponce, P. R.''

Los demandantes solicitaron una sentencia sobre las alegaciones, por no estar jurada la contestación.   La corte fijó un día para oir a ambas partes y dictó finalmente su sentencia declarando con lugar la demanda, y contra esa sentencia interpuso el demandado el presente recurso de apelación.

En su alegato el apelante sostiene que la corte erró, 1°., al declarar con lugar la demanda, no obstante ser insuficientes los hechos alegados en la misma para determinar una causa de acción, y 2°., al basarse para dictar su sentencia sobre las alegaciones en un juramento nulo, por no estar suscrito por la parte, ni por su abogado.

1. Examinemos el primer error.   Dos son los únicos argumentos que presenta el apelante para sostener que existe, a saber: que en la demanda no se consigna de modo preciso cuál fué la naturaleza del pleito que siguió en la Corte Federal la señora Voigt contra el señor Zeno Gandía y que no

se concibe que si la sentencia a que se refiere la demandada es firme, se recurra a un pleito separado para hacerla efectiva.

En cuanto al primer extremo, basta examinar la demanda que dejamos transcrita para convencerse de que si bien pudo hacerse la alegación relativa a la naturaleza del pleito más detalladamente, se alegó con claridad suficiente. Y en cuanto al segundo, si bien no es lo usual en el cobro de obligaciones reconocidas por sentencia el recurrir al procedimiento seguido por los demandantes, el hecho de que existan trámites marcados en la ley para la ejecución de las sentencias, no impide que se recurra a la vía ordinaria para exigir el cumplimiento de dichas obligaciones.

En el caso de *Kingsland* v. *Forrest,* el Juez Presidente Dargan de la Corte Suprema de Alabama, se expresó así:

"La única cuestión que estimamos necesario considerar es ésta— si en este estado procede o nó una acción por deuda sobre una sentencia dictada después de un año y un día, pero antes de diez años, de haberse entablado el pleito, y sobre la cual se ha librado auto de ejecución dentro de un año, que fué devuelto por no haberse encontrado bienes.

"Confieso que mis investigaciones no me han convencido de si dentro del derecho común puede sostenerse una acción por deuda sobre una sentencia, dentro de un año y un día de haber sido dictada, y en una época en que el demandante puede aún pedir la ejecución de la misma. Los comentaristas del derecho común se expresan generalmente en el sentido de que procede una acción por deuda en cobro de una sentencia: 1 Ch. Pl. 126; 1 Tidd's Pr. 3. Blackstone dice que si uno ha obtenido sentencia contra otro y por abandono no ha exigido la ejecución de la misma, puede luego entablar una acción por deuda en cobro de la sentencia: 3 Bla. Com. 129. Selwyn dice que procede una acción por deuda en cobro de una sentencia durante un año y un día o después, pero se refiere sólo a un caso, resuelto en 43 Edw. III, c. 2, 3. Dicho caso está fuera de nuestro alcance, y vemos que diferentes cortes americanas han derivado conclusiones distintas de una misma autoridad: Véase *Clark* v. *Goodwin,* 14 Mass. 237, y *Lee* v. *Giles,* 1 Bailey, 449 (16 Am. Dec. 476). La cuestión, sin embargo, ha sido discutida a menudo en las cortes de los diferentes Estados, y la mayoría de las autoridades americanas decididamente se inclinan a sostener que procede una acción por deuda para

cobrar el importe de una sentencia, durante un año y un día; pero encontramos que esto ha quedado establecido bajo principios generales, sin referencia a caso alguno decidido en Inglaterra, salvo aquel a que ya nos hemos referido; Véase *Headley* v. *Roby,* 6 Ohio, 521; *Hale* v. *Angel,* 20 Johns, 342; *Goodrich* v. *Colvin,* 6 Cow. 397; *Church* v. *Cole,* 1 Hill (N. Y.) 645; *Greathouse* v. *Smith,* 3 Scam. 541; *Denison* v. *Williams,* 4 Conn. 402; *Clark* v. *Goodwin,* 14 Mass. 237. Es verdad que en el caso citado en 4 Connecticut, se hace referencia varias veces a autoridades inglesas, pero si son examinadas, se encontrará, a mi entender, que no son aplicables a la cuestión resuelta durante el reinado de Eduardo III. La nota sobre ese caso, tal como la he encontrado en Viner's Abridgment, dice así: 'En derecho común, una persona que había por sentencia cobrado una deuda, podía establecer una acción por deuda sobre esa sentencia, después de transcurrido un año,' Vol. 7, título Deuda, O. Por lo tanto, yo vacilaría antes de sostener que procede una acción por deuda en cobro de una sentencia durante un año y un día después de haber sido dictada. Pero nadie negará que bajo el derecho común puede entablarse una acción por deuda sobre una sentencia después de transcurridos un año y un día, y la única cuestión que creemos necesario resolver es si nuestro estatuto ha hecho desaparecer este remedio que concedía la ley común.

''Es cierto que cuando se ha librado auto de ejecución dentro de un año y un día, sin haber sido devuelto cumplimentado, puede librarse un segundo auto de ejecución (*alias*) de la misma sentencia, dentro de diez años, sin necesidad de un *scire facias:* Clay's Dig. 206, 207; pero este estatuto no hace desaparecer el derecho concedido en la ley común de demandar por deuda en cobro de una sentencia; sólo da al demandante el remedio de obligar al pago de la sentencia por medio de ejecución, si cree propio hacerlo, pero no es su intención privarlo de su derecho de acción por deuda. El remedio que da el estatuto es meramente acumulativo, y un demandante puede, si su sentencia no ha sido satisfecha, demandar por deuda sobre la misma, aunque podría, bajo el estatuto, pedir el libramiento de un segundo auto de ejecución (*alias*)   *   *   *.'' *Kingsland* v. *Forrest,* 52 Am. Dec. 234.

Al pie del caso que antecede, reportado en el tomo 52, páginas 232–34 de la ''American Decisions,'' aparece la siguiente nota:

''Dentro del derecho común una parte tiene causa de acción sobre

una sentencia dictada a su favor tan pronto como lo es. Ese derecho no queda limitado ni suspendido por el libramiento de un auto de ejecución; ni porque, por tener derecho al libramiento de un auto de ejecución, la acción del demandante parezca innecesaria: Freeman on Judgments, sec. 432, donde el autor cita el caso principal y además los de *Albin* v. *People,* 46 Ill. 372; *Stewart* v. *Paterson,* 63 Pa. St. 230; *Gardner* v. *Henry,* 5 Coldw. 458, en apoyo de la última proposición." *Kingsland* v. *Forrest,* 52 Am. Dec. 234.

En el caso de *Linton* v. *Hurley,* 114 Mass. 76, la Corte Suprema de dicho Estado resolvió que:

"Puede sostenerse una acción entablada sobre una sentencia dentro de los veinte años de haber sido dictada ésta, sin que importe para nada el hecho de si un auto de ejecución ha sido librado o devuelto, a menos que el demandado pruebe el pago o cumplimiento. Gen. Sts. c. 133, Cap. 17; c. 155, Capítulos 1, 23. *O'Neal* v. *Kittredge,* 3 Allen, 470." Véase *Linton* v. *Hurley,* 114 Mass. 76.

Y la Corte Suprema de California, en el caso de *King* v. *Blood,* 41 Cal. 314, decidió que:

"En una demanda en pleito entablado sobre una sentencia, es innecesario expresar que se ha librado auto de ejecución de la sentencia y que se ha hecho un esfuerzo infructuoso para hacerla efectiva."

2.—Tampoco existe, a nuestro juicio, el segundo de los errores señalados. El Código de Enjuiciamiento Civil,—artículo 118,—prescribe que "el juramento de las alegaciones se hará por declaración escrita y jurada de la parte, *a menos que* se hallare ausente del distrito en que residiere un abogado, o por cualquier otra causa estuviere imposibilitado de verificarlo o cuando los hechos sean conocidos por su abogado, *u otra persona que los jurare.*" Y prescribe además, que "cuando la alegación *sea jurada* por el abogado *o cualquier otra persona,* y no por las partes, deberá consignarse en la declaración escrita y jurada, la razón por la cual no lo hace una de las partes." Limitar el caso en que *cualquier otra persona* puede jurar, a pleitos de desahucio, como, al parecer, pretende el apelante, sería distinguir donde la ley

no distingue y por tanto contrario a la bien conocida regla de derecho que dice: *ubi lex non distinguit, nec nos distinguere debemus.*

En tal virtud, siendo válido el juramento, nos encontramos frente a un caso propio para dictar una sentencia sobre las alegaciones, ya que no habiendo jurado su contestación el demandado, aceptó la certeza de los hechos consignados en la demanda. Artículos 110, 118 y 132 del Código de Enjuiciamiento Civil; *Horton et al.* v. *Roberts,* 11 D. P. R. 176, y *Delannoy* v. *Blondet,* 22 D. P. R. 235.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.