CANDAL, DEMANDANTE Y APELADO, *v.* PIERLUISI ET AL., DEMANDADOS Y APELANTES.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre cobro de dinero.

No. 2069.—Resuelto en junio 11, 1920.

COBRO DE CRÉDITOS DECLARADOS POR SENTENCIA—PRESCRIPCIÓN DE ACCIONES.—Los artículos 239 y 243 del Código de Enjuiciamiento Civil no son de aplicación a un caso en que no se trata de obtener una ejecución de sentencia en el pleito en que se dictó, sino en otro establecido para obtener el pago de un crédito declarado anteriormente por sentencia. En otras palabras: cuando el acree-

dor por sentencia acude al pleito ordinario para reclamar el pago del importe de la misma, el término para la prescripción no es el de cinco años a que se refiere el artículo 239 ya citado.

ID.—ALEGACIÓN DE EXISTENCIA DE SENTENCIA—JURISDICCIÓN.—Cuando en una demanda jurada se alega la existencia de una sentencia que se inserta literalmente y en la contestación no se niega en forma específica la jurisdicción de la corte que la dictó, la presunción es que dicha corte la tenía, a no ser que la sentencia insertada demuestre lo contrario.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. L. Torres Grau, Tomás Torres y L. Llorens.*

Abogado del apelado: *Sr. J. F. Fernández Coronas.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de un pleito promovido ante la Corte de Distrito de Ponce por Joaquín Candal Fernández contra los esposos Simón Pierluisi y Grau y Gloria María Vázquez y Martínez en cobro de un crédito declarado por sentencia.

En la demanda jurada y presentada en 23 de diciembre de 1918 alega el demandante que el demandado Simón Pierluisi le está adeudando la suma de $2,400 como un débito de record, a virtud de sentencia que dictó la Corte de Distrito de Ponce en 22 de julio de 1904, cuya sentencia se inserta en la demanda; que asimismo está adeudando el demandado Pierluisi al demandante los intereses de la referida suma a razón del 1 por ciento mensual desde que la sentencia fué dictada; que los intereses calculados hasta el 22 de noviembre de 1918, o sea durante 162 meses, importan la suma de $4,128; que capital e intereses que en conjunto dan un total de $6,528 no han sido satisfechos por el deudor ni por ninguna otra persona en su nombre, al demandante ni a ninguna otra persona; que la deuda fué contraída por Pierluisi antes de su matrimonio con su actual esposa la demandada Gloria María Vázquez, entre los cuales existe actualmente una sociedad legal de gananciales; que el demandado no tiene capital propio de clase alguna con que pagar en todo ni en parte el capital e intereses que se le reclaman, y que la sociedad de gananciales habida entre ambos demandados cuenta con bie-

nes más que suficientes para pagar subsidiariamente los $6,528 que se reclaman más los intereses que se sigan devengando, sin perjuicio de las atenciones que enumera el artículo 1323 del Código Civil, figurando entre dichos bienes gananciales dos predios rústicos, uno en el término municipal de Adjuntas con cabida de 322 cuerdas, denominado "Porvenir," y el otro denominado "Gloria," en el término municipal de Ponce, barrio "Guaraguaos," con cabida de 30 cuerdas 50 céntimos.

La .demanda concluye con la súplica de que se dicte sentencia en favor del demandante y en contra del demandado Simón Pierluisi por la suma de $6,528 más los intereses que que se devenguen del capital adeudado desde el 22 de noviembre de 1918 hasta su efectivo y total pago, y que se impongan todas las costas del pleito al demandado Pierluisi, con inclusión de los honorarios del abogado del demandante, disponiendo además que como quiera que el cónyuge deudor no tiene capital propio para satisfacer dicha suma y demás responsabilidades, se satisfaga todo ello por la sociedad de gananciales habida entre ambos cónyuges demandados, de acuerdo con lo dispuesto en el artículo 1325 del Código Civil Revisado.

A la anterior demanda opusieron los demandados como excepciones previas las de que la demanda no aduce hechos suficientes para determinar una causa de acción y la de que la acción ejercitada ha prescrito por haber expirado el término de cinco años que establece el artículo 239 del Código de Enjuiciamiento Civil en relación con el 243 del mismo, por fundarse la demanda según sus alegaciones en una sentencia dictada en 1904, cuya ejecución o cumplimiento está prescrito; y habiendo presentado el demandante moción para que se eliminara · el 'párrafo de las excepciones previas en que se funda la excepción de prescripción por ser impertinente en razón a que no se trata de la ejecución de sentencia dentro del mismo procedimiento en que fué dictada, la corte por orden de 14 de febrero de 1919 declaró con lugar la moción

eliminatoria y sin lugar las excepciones previas alegadas contra la demanda.

Los demandados contestaron entonces y el demandado admitió que el 22 de julio de 1904 se dictó sentencia en su contra por la suma de $2,400 pero en oposición alega que no fué citado para la vista de este pleito o sea el juicio, ni se le anotó rebeldía alguna ni se le' dió oportunidad para ser ·oido en su defensa, alegando además que uno de los pagarés por 1,000 pesos provinciales en que se fundó la demanda estaba prescrito al tiempo de ser ésta radicada, de acuerdo con el artículo 950 del Código de Comercio. Niega que esté adeudando intereses de clase alguna por el capital principal o por algún otro y que puedan cobrarse a razón del doce por ciento anual, y niega también las demás alegaciones de la demanda, alegando en contrario que no debe actualmente cantidad alguna por haber sido satisfecha la misma por ministerio de la ley de acuerdo con los artículos 239 y 243 del Código de Enjuiciamiento Civil; que suscribió ciertos pagarés siendo casado, pero al tiempo de suscribirlos y actualmente es dueño de bienes privativos y siempre ha sido solvente, con bienes suficientes para satisfacer cualquiera deuda en que incurra, habiendo adquirido además bienes durante su matrimonio con Gloria María Vázquez; y que ésta no fué parte en el procedimiento cuya sentencia es objeto del presente pleito.

El demandante solicitó que se dictara sentencia sobre las alegaciones de acuerdo con lo dispuesto en el artículo 132, parte primera, del Código de Enjuiciamiento Civil, por tratarse de una demanda jurada que no ha sido contestada sino de una manera general y no en la forma específica que ordena el artículo 110, párrafo 2º., de dicho código. Y la corte, por sentencia de 7 de mayo de 1919, declaró con lugar en todas sus partes la moción y dictó sentencia sobre las alegaciones condenando a los demandados a satisfacer al demandante la suma de $6,528 más los intereses que se devenguen del capital adeudado, o sean $2,400 desde el 22 de noviembre

de 1918, hasta cuya fecha han sido calculados, y en adelante hasta su efectivo y total pago, condenándose además a los demandados al pago de todas las costas, desembolsos y honorarios del abogado del demandante, y disponiéndose que si el cónyuge deudor Pierluisi y Grau no tuviere capital propio para satisfacer esta deuda y demás responsabilidades, se satisfaga todo ello por la sociedad de gananciales habida entre ambos cónyuges demandados de acuerdo con lo dispuesto en el artículo 1325 del Código Civil Revisado.

Contra la anterior sentencia interpusieron los demandados recurso de apelación para ante esta Corte Suprema y los motivos que alegan para solicitar la revocación de dicha sentencia pueden sintetizarse en dos, a saber: 1°., error cometido por la corte al declarar sin lugar la excepción previa relativa a la prescripción, y 2°., error al declarar con lugar la moción sobre sentencia por las alegaciones, pues no se alegaron en la demanda hechos determinantes de la jurisdicción de la corte de Ponce para dictar la sentencia de 22 de julio de 1904, ni a falta de dicha alegación tampoco se alegó que fuera dictada en forma debida según previene el artículo 126 del Código de Enjuiciamiento Civil.

El primer error no existe porque los artículos 239 y 243 del Código de Enjuiciamiento Civil que el apelante invoca para sostener la prescripción no son aplicables al presente caso, en que no se trata de obtener una ejecución de sentencia en el procedimiento en que se dictó, sino que se ha iniciado otro procedimiento o juicio para obtener que los demandados paguen al demandante un crédito declarado por sentencia en juicio seguido contra el demandado Simón Pierluisi. *Vázquez* v. *Martínez et al.*, 17 D. P. R. 1134.

Aunque no es lo usual en el cobro de obligaciones reconocidas por sentencia el recurrir al procedimiento seguido por el demandante, el hecho de que existan trámites marcados en la ley para la ejecución de las sentencias no impide que se recurra a la vía ordinaria para exigir el cumplimiento de dichas obligaciones. *Tettamansi et al.* v. *Zeno,* 24 D. P. R.

775. Y cuando se acude a la vía ordinaria, el término para la prescripción no es el de cinco años a que se refiere el artículo 239 ya citado.

El segundo error alegado por el apelante tampoco existe.

La sentencia de que deriva su acción el demandante y que fué alegada como hecho fundamental determinante de la acción, según se inserta en la demanda dice como sigue:

"En la Corte de Distrito del Distrito Judicial de Ponce, P. R.— Joaquín Candal Fernández v. Simón Pierluisi y. Grau.—Civil No. 19.—Cobro de dinero.—Sentencia.—Hoy día 22 de julio de 1904 señalado para la vista de este pleito, comparece el demandante Joaquín Candal Fernández por medio de su abogado don José F. Fernández solicitando se dicte sentencia contra el demandado por su rebeldía. La corte ordena que se anote sentencia en contra del demandado por la suma de $2,400, intereses al 1 por ciento mensual desde el vencimiento de las respectivas obligaciones hasta el total pago, y las costas ascendentes a  *  *  *  librándose orden de ejecución contra los bienes del demandado para hacer efectiva esta sentencia.— Attest, Genaro Vidal, Secret. Dist. Court.—Conforme, José Tous Soto, Dist. Court Judge.—  *  *  *.  Dicha sentencia es firme por no haber sido apelada.—Firmado, Felipe Colón, Secretario Corte Distrito Ponce."

El artículo 126 del Código de Enjuiciamiento Civil dice así:

"Art. 126.—Al alegar la existencia de una sentencia o resolución de una corte, funcionario o junta judicial, no será preciso citar los hechos que determinan su jurisdicción, pero podrá consignarse que dicha sentencia o resolución fué dictada en forma debida. Si tal alegación fuere impugnada, la parte que dedujo aquella deberá probar en el juicio los hechos constitutivos de la jurisdicción."

El precepto transcrito no se refiere al caso de que se inserte literalmente en la alegación la sentencia o resolución recaída, pues cuando se inserta, como en el presente caso, surge la presunción de que la corte que la dictó actuó con jurisdicción y siguió el procedimiento establecido por la ley, a no ser que de ella aparezca *prima facie* lo contrario, lo que no sucede con la sentencia de que se trata.

Por supuesto que dicha presunción podía ser impugnada por el demandado; y como la demanda era jurada la impugnación debía hacerse en forma específica, alegando hechos que determinaran la falta de jurisdicción de la corte.

La alegación de la demanda en que se insertó la sentencia de 22 de julio de 1904 fué contestada por los demandados en los siguientes términos:

"Admite el demandado Simón Pierluisi y Grau que el 22 de julio de 1904 se dictó sentencia en su contra por la suma de $2,400; pero en oposición alega que no fué citado para la vista de este pleito o sea el juicio, ni se le anotó rebeldía alguna, ni se le dió oportunidad para ser oído en su defensa."

Esa contestación no envuelve una negación específica por parte del demandado de la jurisdicción de la corte que dictó la sentencia de 22 de julio de 1904, pues aún admitiendo como ciertos los hechos en ella consignados no surgiría como consecuencia la falta de jurisdicción de la corte. El demandado pudo no haber sido citado para la vista del pleito o del juicio en que se dictó dicha sentencia, pudo dejar de anotarse la rebeldía del mismo, pudo no dársele oportunidad para ser oido en el juicio; y sin embargo de todo ello, pudo ser dictada la sentencia con jurisdicción por parte de la corte. La única alegación pertinente a la falta de jurisdicción de la corte era la de no haber sido citado o emplazado el demandado o la de no caber dentro de los límites de su jurisdicción la materia del juicio.

Cuando se interpone una demanda jurada, la negativa por el demandado de las alegaciones del demandante debe ser específica según el No. 2º. del artículo 110 del Código de Enjuiciamiento Civil, y según el artículo 132 toda alegación esencial de la demanda no impugnada en la contestación se tendrá por cierta para los efectos de la acción. Siendo esencial la negación relativa a la sentencia pronunciada contra Pierluisi, pues en ella descansa la acción ejercitada, de tal modo que eliminada no podría prosperar la reclamación, y no habiendo sido denegada en forma específica la jurisdicción de

la corte que la pronunció, subsiste la presunción de que dicha corte actuó con jurisdicción sobre la persona del demandado y sobre la materia del juicio.

Al demandado incumbía, si entendía que dicha sentencia era nula por falta de jurisdicción de la corte, alegar específicamente los hechos determinantes de esa falta de jurisdicción para que el demandante estuviera obligado a probar en el juicio lo contrario mediante los hechos constitutivos de dicha jurisdicción. No lo hizo así, y por tanto la corte estuvo ajustada a derecho al declarar con lugar la moción sobre sentencia por las alegaciones.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.