EL MUNICIPIO DE CABO ROJO, peticionario, *v.* LA CORTE DE DISTRITO DE MAYAGÜEZ, HON. CHARLES E. FOOTE, Juez, demandado; Antonio Martín, a nombre de la Caja de Economías y Préstamos de Cabo Rojo, interventor.

No. 558.—*Visto:* Marzo 7, 1927. *Resuelto:* Julio 30, 1927.

SÍNDICOS *(Receivers)*—ACCIONES—SENTENCIA EN GENERAL—CONTRA BANCO BAJO ADMINISTRACIÓN JUDICIAL.—El hecho de que un banco se halle en administración judicial no impide que se dicte sentencia contra él cuando contesta sin juramento una demanda jurada.

CERTIORARI para revisar resolución de *Charles E. Foote*, J. (Mayagüez), declarando sin lugar moción del demandante solicitando sentencia sobre las alegaciones. *Anulada* la resolución recurrida. *Ricardo del Toro Soler*, abogado del peticionario; *A. Ramírez*, abogado del interventor.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El Municipio de Cabo Rojo demandó en la Corte de Distrito de Mayagüez a la Caja de Economías y Préstamos de Cabo Rojo en cobro de dinero y le embargó preventivamente bienes para el aseguramiento de la sentencia que se dictase. En esa demanda, que estaba jurada, alegó que había depositado en la caja demandada $15,000 para serles devueltos a los seis meses con intereses del 3½ por ciento mensual: que después de vencido ese plazo retiró $12,000,

resultando así un balance de $3,000 a favor del demandante: que habiendo depositado posteriormente en cuenta corriente en la misma caja demandada la cantidad de $15,000 resultó un total de 18,000 a favor del demandante: que librado un cheque por el tesorero municipal contra la demandada ésta se negó a pagarlo manifestando no tener fondos suficientes disponibles para satisfacerlo por lo cual el demandante protestó ese cheque el mismo día en que fué negado el pago, mediante acta notarial en la que la demandada reconoció la legitimidad de la deuda; y alegó además que dicha cantidad no le ha sido pagada total ni parcialmente por la demandada ni por otra persona, por todo lo que pidió sentencia a su favor por $18,000 con sus intereses legales desde la interposición de la demanda y las costas.

La Caja de Economías y Préstamos de Cabo Rojo presentó contestación sin juramento, haciendo una negativa general de los hechos de la demanda, y por esto el demandante solicitó de la corte que dictase sentencia contra la demandada.

Antes de ser resuelta esa moción compareció en el pleito don Antonio Martín manifestando que después de presentada la demanda en este pleito él fué nombrado en otro procedimiento administrador judicial de la demandada: que la cantidad que reclama el municipio le es debida por la demandada y que estando la caja en administración judicial debe tener intervención en los procedimientos que se sigan contra ella, por lo que suplicó a la corte lo tuviera por subrogado en representación de la demandada y por allanado a la solicitud de que se dictase sentencia por las alegaciones, pero que la sentencia se haga suspensiva y no ejecutable hasta tanto se proceda a la liquidación de la Caja de Economías y Préstamos de Cabo Rojo o a la continuación de sus negocios, sin especial condena de costas.

Se opuso el demandante a que la sentencia se haga suspensiva y a que no se impongan las costas y la corte resolvió declarar sin lugar la moción del demandante solicitando

sentencia por estar la demandada sujeta a una administración judicial. No consta en estos autos la fecha de esa resolución pero según la petición jurada del demandante es de 19 de enero de 1927. Contra esa resolución interpuso el municipio demandante el presente recurso de *certiorari* en el que hemos oído a las partes interesadas en él.

Una sentencia por las alegaciones es procedente a favor de un demandante cuando habiendo sido jurada su demanda el demandado la contesta sin juramento, según hemos resuelto en los casos de *Tettamanzi et al.* v. *Zeno*, 24 D.P.R. 775 y *Candal* v. *Pierluisi et al.*, 28 D.P.R. 606; y como el único motivo que tuvo la corte inferior para negarse a dictar sentencia es que la demandada está en administración judicial la cuestión a resolver es si ese estado de administración judicial justifica que no se dicte la sentencia que solicitó el demandante.

No tiene la Ley de Bancos No. 18 de 1923, página 83, ni sus enmiendas hechas por la Ley No. 68 de 1925, página 353, precepto alguno disponiendo que en los pleitos seguidos contra un banco deje de dictarse sentencia cuando ha sido decretada su administración judicial o su disolución y liquidación, por una corte. Solamente disponía la sección 26 de la Ley de 1923 que si a consecuencia de un examen hecho o de un informe dado por un examinador de bancos, el Tesorero de Puerto Rico tuviese motivo para creer que un banco o banco extranjero no está en buenas condiciones económicas *para continuar* sus negocios, podrá, después de oir al banco, recomendar al Procurador General que instituya la acción o procedimiento procedente con el fin de que se declare al banco o banco extranjero *en liquidación.* Este precepto fué enmendado prontamente por la Ley de 1925, y según esa enmienda si a consecuencia del examen o informe antes dicho el Tesorero tuviera motivos para creer que el banco no está en buenas condiciones para continuar los negocios o que *esté administrado de tal manera que el público o las personas y entidades que tengan fondos o va-*

*lores bajo su custodia están en peligro de ser defraudados, podrá el Tesorero, después de oir al banco, recomendar al Procurador General que instituya la acción o procedimiento que fuere procedente con el fin de que se declare al banco o banco extranjero en liquidación, o de que se le ponga bajo administración judicial, a juicio del Tesorero.* No hemos transcrito literalmente esos preceptos sino lo fundamental y lo subrayado es nuestro. Se ve por esa enmienda que la Ley de 1923 que se refería sólo al caso de no poder *continuar* el banco sus negocios por lo que había de solicitarse su liquidación ha sido ampliado al caso de que el banco no esté bien administrado, para lo cual se solicitará la administración judicial. Por consiguiente, puede decretarse la administración judicial de un banco si está mal administrado o su liquidación si sus condiciones económicas no le permiten continuar sus negocios. En el caso presente lo que se ha decretado es la administración judicial de la caja demandada, no su liquidación.

La sección 35, párrafo último, de la Ley de Bancos de 1923 hace aplicables a ella las disposiciones de la Ley de Corporaciones Privadas de 1911 y sus enmiendas en cuanto no se opongan a ella; y dicha ley de 1911, página 108, dice en su artículo 32 lo siguiente:

"'LA DISOLUCIÓN NO AFECTARÁ A LOS PLEITOS PENDIENTES. Ningún pleito que esté pendiente o que se entablare en adelante contra cualquiera corporación disuelta antes de haberse dictado sentencia definitiva, caducará por razón de dicha disolución; pero no se dictará sentencia en ninguno de dichos pleitos sin previa notificación a los síndicos o liquidadores de la corporación.''

La notificación requerida por este precepto para poder dictarse sentencia en los pleitos pendientes se refiere al caso en que la corporación esté en disolución y no al que esté en administración judicial y por tanto no tiene aplicación al caso presente, en el que además el administrador judicial se ha dado por notificado de los procedimientos por

su comparecencia.   La sentencia puede dictarse aunque para ejecutarla sería necesario el consentimiento de la corte ·que nombró el administrador judicial, a menos que exista un estatuto que lo permita.   23 R.C.L. página 132, sección 140; *Painter* v. *Painter,* 138 Cal. 231, en 94 A.S.R. 47 y sus notas.

Por lo expuesto *se anula la resolución recurrida* y se devuelven los autos a la corte inferior para que dicte sentencia de acuerdo con lo solicitado por el demandante.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.