GUILLERMO ESTEVES, Comisionado del Interior, demandante y apelado, *v.* RAMÓN VALCOURT, CARMEN MUÑOZ y DOMINGO QUINTANA, demandados y apelantes.

No. 4688.—*Visto:* Noviembre 5, 1928. *Resuelto:* Noviembre 13, 1928.

*Hon. Attorney General James R. Beverly, Felipe Janer, Jr., Sub-Procurador y F. Soto Gras, abogado asociado, abogados del apelado; M. García González y E. Rincón Plumey, abogados de los apelantes.*

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se solicita la desestimación de esta apelación por frívola.

De los autos resulta que Ramón Valcourt inició cierta acción en la Corte de Distrito de San Juan contra Guillermo Esteves, Comisionado del Interior, reclamando la entrega de un cheque por valor de $718.95. Mientras se sustanciaba el litigio obtuvo el demandante la posesión del cheque mediante fianza suscrita por él como principal y por Carmen Muñoz Díaz y Domingo Quintana como fiadores.

Celebrada la vista del pleito, se dictó sentencia en contra de Valcourt. Este apeló y la Corte Suprema declaró su recurso sin lugar.

Así las cosas, habiéndose negado Valcourt a devolver el cheque, Guillermo Esteves, como Comisionado del Interior, por medio del Attorney General de Puerto Rico, archivó contra él y sus fiadores una demanda pidiendo a la corte que dictara sentencia condenándoles a cumplir el contrato de fianza a virtud del cual el cheque de que se trata fué entregado a Valcourt.

Contestaron los demandados sin jurar sus contestaciones y el demandante, fundándose en ello pidió a la corte que dictara sentencia sobre las alegaciones. Accedió la corte y los demandados apelaron sin que conste qué han hecho para tramitar su apelación. La moción de desestimación les fué notificada desde julio de 1928 y nada contestaron por escrito. Tampoco comparecieron al acto de la vista.

El artículo 118 del Código de Enjuiciamiento Civil en que se fundó la corte sentenciadora para dictar la sentencia apelada, es tan claro que su aplicación a este caso es evidente. En parte dice:

"Art. 118. Toda alegación deberá estar suscrita por la parte o su abogado, y cuando se jure la demanda o el Pueblo de Puerto Rico, *o cualquier funcionario de la isla, en su carácter oficial, sea el demandante, deberá jurarse la contestación,* excepto si la admisión de la verdad de lo consignado en la demanda sujeta a la parte a un proceso criminal, o si un funcionario de dicha isla, en su carácter oficial, fuese el demandado."

Cuando, no obstante la exigencia de la ley, la contestación no se jura, la verdad de los hechos alegados en la demanda se considera admitida y procede una sentencia sobre las alegaciones.

"En tal virtud", dijo esta corte en el caso de *Tettamanzi* v. *Zeno,* 24 D.P.R. 775, 781, "siendo válido el juramento, nos encontramos frente a un caso propio para dictar una sen-

tencia sobre las alegaciones, ya que no habiendo jurado su contestación el demandado, aceptó la certeza de los hechos consignados en la demanda. Artículos 110, 118 y 132 del Código de Enjuiciamiento Civil; *Horton et al.* v. *Roberts,* 11 D.P.R. 176, y *Delannoy* v. *Blondet,* 22 D.P.R. 235.''

Siendo éste el caso, en ausencia de impugnación alguna de la parte apelante, es aparente la frivolidad de la apelación establecida.

*Debe declararse con lugar la moción del apelado y en su consecuencia desestimarse el recurso.*