132

AGUSTÍN VALIENTE GRANDA, demandante y apelado, *v.*
FRANCISCO BUXÓ, demandado y apelante.

Núm. 9578.—*Sometido:* Enero 13, 1948.   *Resuelto:* Febrero 4, 1948.

A. L. López, abogado del apelante; *E. Martínez Rivera* y *Luis Blanco Lugo,* abogados del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Se alega sustancialmente en la demanda radicada en este caso que en 10 de enero de 1930 la Corte de Distrito de San Juan dictó sentencia en el caso civil número 2288, seguido por el Banco Territorial y Agrícola de Puerto Rico contra Francisco Buxó y Rosa Villafañe Vda. de Buxó, condenando al demandado Francisco Buxó a pagar al Banco demandante la suma de $7,975 de principal, más intereses a razón del 12 por ciento anual desde junio de 1937 (*sic*) hasta su total pago, más las costas y honorarios de abogado; que dicha sentencia no ha sido satisfecha ni en todo ni en parte por el referido demandado, a pesar de que la misma es firme y ejecutoria desde julio 29 de 1931, cuando fué confirmada por este Tribunal Supremo;[1] que con anterioridad a la radicación de la demanda el Banco Popular de Puerto Rico, como liquidador del Banco Territorial y Agrícola de Puerto Rico, cedió al demandante Agustín Valiente Granda la sentencia anteriormente relacionada, no habiendo el demandado Buxó satisfecho a éste la misma. A virtud de ella se solicita sentencia condenando al demandado a satisfacer al demandante la cantidad de $7,975 de principal, más intereses a razón del 12 por ciento anual desde julio de 1931 (*sic*) hasta el presente, más las costas y $3,000 para honorarios de abogado.

El demandado contestó aceptando que la sentencia fué dictada en su contra y que la misma no ha sido satisfecha ni total ni parcialmente, pero negando que el Banco Popular de Puerto Rico como liquidador del Territorial y Agrícola cediera al demandante o a cualquiera otra persona, natural o jurídica, la sentencia antes expresada; que el demandante fuera el dueño de ese crédito o que la sentencia

---

[1] Dicha sentencia en realidad no fué confirmada por este Tribunal Supremo, sino que habiendo sido apelada tanto por el Banco demandante como por el demandado Francisco Buxó, ambos desistieron y se dictó resolución a ese efecto en 28 de julio de 1931. (Véase el caso civil número 5792 de esta Corte).

hubiera sido adjudicada a éste, y sosteniendo como defensa especial que el demandante Valiente Granda había declarado ante la Corte de Distrito de Humacao en otro caso seguido por San Miguel,. González y Valiente & Cía. contra el mismo demandado Buxó, que él había adquirido la aludida sentencia para esa sociedad, estando la sentencia dictada a favor de ésta pendiente de ejecución. Sostuvo finalmente "como defensa especial que la acción ejercitada está prescrita por ministerio de ley."

Trabada así la contienda, fué el pleito a juicio y luego de apreciar la evidencia ofrecida, la Corte de Distrito de Humacao dictó sentencia condenando al demandado Buxó a pagar al demandante Valiente Granda la cantidad reclamada, con intereses a razón del 12 por ciento anual desde junio de 1927 (*sic*), más las costas y $200 para honorarios de abogado. De esa sentencia ha apelado el demandado para ante este Tribunal y en apoyo de su recurso señala cinco errores, los que serán discutidos por nosotros en el orden en que figuran en el alegato por él radicado.

■ Sostiene en primer lugar el demandado que la corte inferior cometió error al admitir en evidencia una certificación librada por el Secretario de la Corte de Distrito de San Juan "en relación con la supuesta cesión de la sentencia que se relaciona en este caso." No estamos de acuerdo. Dicha certificación es copia literal de un escrito intitulado "Constancia de Cesión", radicado ante la extinta Corte de Distrito de San Juan en un pleito civil que lleva el epígrafe "Banco Territorial y Agrícola de Puerto Rico, demandante, v. Francisco Buxó y Rosa Villafañe Vda. de Buxó, demandados, civil número 2,288, sobre cobro de pagaré." De haber sido llevado a la Corte de Distrito de Humacao el expediente en que figura el original de esa "Constancia de Cesión" por el Secretario de la Corte de Distrito de San Juan, no hay duda alguna de que el mismo hubiera sido admisible en evidencia. Habiéndose ofrecido una copia literal de un documento que figuraba en dicho expediente, de-

bidamente certificada por el Secretario que lo tenía bajo su custodia, tampoco hay duda de que dicha certificación era admisible como prueba. Véase el inciso 6 del artículo 69 de la Ley de Evidencia, (Artículo 431 del Código de Enjuiciamiento Civil, edición de 1933)(²) y el caso de *Negrón* v. *Corujo,* 67 D.P.R. 398, 401.

■ Como segundo error alega el demandado que la corte inferior erró "al declarar sin lugar la defensa de prescripción por él establecida." Tampoco asiste la razón al apelante a este respecto. Se trata aquí de un pleito en cobro de una sentencia que se convirtió en firme en 28 de julio de 1931, fecha en que el Tribunal Supremo de Puerto Rico dictó resolución teniendo por desistidos a los apelantes del recurso por ellos interpuesto contra la sentencia dictada por la Corte de Distrito de San Juan en 10 de enero de 1930. Como esa sentencia fué dictada en un pleito en cobro de pagaré no podía exigirse el cumplimiento de ella o llevar a cabo su ejecución después de un término de cinco años, contado a partir del día en que la misma se registró. Artículo 243 del Código de Enjuiciamiento Civil.(³) Empero, luego de vencido dicho período nada había que impidiera que se entablara un nuevo pleito para cobrar la misma. *Candal* v. *Pierluisi et al.,* 28 D.P.R. 606, 610 y *Tettamanzi et al.* v. *Zeno,* 24 D.P.R. 775. Véanse también *Valdés* v. *Hastrup,* 64 D.P.R. 595, 600, y *Capó* v. *Piñeiro,* 33 D.P.R. 870, 878; 15 Cal. Jur. sección 258, pág. 258; 31 Am. Jur. sección 815, pág. 328. Ese nuevo pleito no estaba sujeto al término de cinco años a que ya se ha hecho mención. Por el contrario, como se trata de una acción personal en cobro de dinero la acción pres-

(²)Art. 69.—Otros documentos oficiales podrán probarse como sigue:

"6.—Los documentos de cualquier otra clase en Puerto Rico, mediante el original o una copia, certificada por el guardador legal de aquél."

(³)"Artículo 243.—En todos los casos, excepto para cobro de dinero, podrá exigirse el cumplimiento de la sentencia o llevar a cabo su ejecución, después de un término de cinco años, a contar desde la fecha en que hubiere sido registrada mediante autorización de la corte a instancia de parte, o sentencia dada al efecto, en procedimientos adicionales."

cribe a los quince años, debiendo contarse el término a partir del día en que la sentencia fué firme y ejecutoria. Artículos 1864 y 1871 del Código Civil, edición de 1930.(⁴) Habiendo sido firme la sentencia en 28 de julio de 1931 (fecha en que el Tribunal Supremo dictó la resolución a que antes hemos aludido), el término prescriptivo de quince años no había aún transcurrido cuando en 10 de enero de 1946 se radicó el pleito en cobro de sentencia.

■ Además, la defensa de prescripción no fué planteada en debida forma y por ese único motivo la Corte de Distrito de Humacao hubiera estado justificada en declararla sin lugar. *Aldea* v. *Tomás y Piñán*, 51 D.P.R. 764, 776 y *Catoni* v. *Martorell Vda. de Prado*, 38 D.P.R. 328. En su consecuencia, actuó acertadamente la corte inferior al declarar sin lugar la defensa de prescripción.

■ Sostiene en tercer término el apelante que la corte inferior erró "al denegar la admisión de los documentos presentados por el demandado." Aceptando exclusivamente a los fines de esta opinión que la corte inferior cometiera en realidad el error apuntado, no creemos que el mismo daría lugar a la revocación. El demandado ofreció en evidencia, en primer lugar, la demanda radicada en el caso civil número R–903.(⁵) ante la Corte de Distrito de San Juan por San Miguel, González y Valiente & Cía. contra Francisco Buxó, sobre cobro de dinero pór virtud de sentencia. (Dicha demanda está basada en la misma sentencia que dió lugar al pleito que nos ocupa.) Y en segundo lugar, una certificación en relación suscrita por la Secretaria de la Corte de Distrito de San Juan, fechada el 28 de febrero de 1945, en que se hace constar que en el caso civil número 17, 493,

---

(⁴)"Artículo 1864.—La acción hipotecaria prescribe a los veinte años, y las personales que no tengan señalado término especial de prescripción, a los quince."

"Artículo 1871.—El tiempo de la prescripción de las acciones para exigir el cumplimiento de obligaciones declaradas por sentencia, comienza desde que la sentencia quedó firme."

(⁵)El caso R-903 de la Corte de Distrito de San Juan fué trasladado a la de Distrito de Humacao y allí se radicó bajo el número R-773.

intitulado Francisco Fano, Tesorero Interino de Puerto Rico, demandante, v. Banco Territorial y Agrícola de Puerto Rico, demandado, Banco Popular de Puerto Rico, Liquidador, sobre Administración Judicial, aparece en la página 6, líneas 34 y 35 del Edicto dè Subasta hecho por el márshal, un pagaré de Francisco Buxó y Rosa D. Viuda de Buxó por $8,945.30; que en unión a otras obligaciones ese pagaré fué vendido en pública subasta en 27 de noviembre de 1942 al postor Gonzalo Aponte; y que dicha subasta fué dejada sin efecto por la corte en 7 de enero de 1943, siendo entonces adjudicadas las mismas obligaciones a Agustín Valiente.[6]

De haberse admitido en evidencia la demanda de San Miguel, González y Valiente & Cía. contra el aquí demandado ella no hubiera destruído el derecho del demandante Valiente Granda a demandar en cobro de la sentencia dictada originalmente en favor del Banco Territorial y Agrícola. Decimos esto no sólo porque de la propia certificación ofrecida en evidencia por el demandado y no admitida por la corte se desprende con claridad meridiana que Valiente y no la Sociedad fué el adjudicatario de los créditos del Banco Territorial, sino también porque de la "Constancia de Cesión" a que hacemos referencia al discutir el primer señalamiento aparece de manera palmaria que el cesionario de la sentencia lo fué el aquí demandante Agustín Valiente Granda y no la Sociedad a que tantas veces hemos hecho mención. Tampoco la admisión de la certificación de 28 de febrero de 1945 y de la Resolución final de .7 de enero de 1943 hubiera variado la conclusión a que llegó la corte inferior. No se ha cometido, pues, el tercer error.

■ Como cuarto señalamiento insiste el apelante en que la corte inferior erró "al resolver que la evidencia del demandante justificaba una sentencia a su favor." Un examen del caso nos convence de que al demandado tampoco

---

[6] Sobre la Resolución Final de 7 dè enero de 1943 no es menester hacer comentarios, ya que su ofrecimiento en evidencia fué retirado por el propio demandado. Véase la página 13, línea 12, de la transcripción de evidencia.

asiste la razón en este señalamiento. La sentencia dictada por la Corte de Distrito de San Juan en 10 de enero de 1930 fué ofrecida y admitida en evidencia. El demandado aceptó en su contestación no sólo que ésta se había dictado, sí que también que la misma no había sido aún satisfecha, y de la "Constancia de Cesión" aparece que dicha sentencia fué vendida por el Banco Popular de Puerto Rico como Liquidador del Banco Territorial de Puerto Rico al demandante Agustín Valiente Granda. Esa "Constancia" aparece suscrita por el Liquidador del Banco cedente. Éste así podía hacerlo, y además nada hay en derecho que impida que la cesión de la sentencia se efectuara en la forma en que se hizo. *Valiente* v. *Registrador,* 63 D.P.R. 149, 157; *Benítex Rexach* v. *Muñoz,* 45 D.P.R. 605; 30 Am. Jur., sección 129, pág. 889 y 30 A.L.R. 816. Bajo estas circunstancias, el derecho del demandante a una sentencia favorable quedó claramente establecido.

██ El quinto señalamiento se refiere a la condena en costas y honorarios de abogado. En cuanto a las primeras bastará con decir que desde que se aprobó la Ley núm. 94 de 11 de mayo de 1937 (pág. 239) la imposición de costas a la parte perdidosa es obligatoria. Y en cuanto a los honorarios, que éstos se concederán cuando la parte vencida en juicio ha sido temeraria. *Colón* v. *Asociación Cooperativa Lafayette,* 67 D.P.R. 271. Dada la prueba aducida en este caso no estamos justificados en resolver que el aquí demandado no lo fuera.

*Debe confirmarse la sentencia apelada.*