COUNCIL BLUFFS SAVINGS BANK v. HENRY W. GRISWOLD, TRUSTEE, ET AL.

FILED MARCH 3, 1897. No. 7021.

1. **Parties:** NON-JOINDER. It is in case of joint obligations only that all persons liable thereon must be joined as parties defendant. An action may be prosecuted to judgment against any one or more of several persons jointly and severally bound without joining others liable for the same indebtedness.

2. **Abatement:** PENDING SUIT: EVIDENCE. A plea of another suit pending is not sustained by proof of an order dismissing, without prejudice, a former suit on the same cause of action, and the filing by the plaintiff of a motion for a new trial upon which, so far as the record discloses, no action has been taken by the trial court.

3. **Courts:** LAWS AND PROCEDURE IN OTHER STATES. The laws of sister states will, as a rule, in the absence of proof, be presumed to be the same as our own. There are, however, to that rule recognized exceptions, among which is that courts of general jurisdiction of other states will, unless there is proof to the contrary, be presumed to possess the authority they assume to exercise, and that the methods of procedure pursued by them, although differing from the established practice of this state, are authorized by the laws of the state in which they act.

4. **Judgments:** JOINT AND SEVERAL OBLIGATIONS: APPEARANCE. Where to an action upon a joint and several obligation all parties liable thereon are made defendants, the fact that the judgment

52

therein rendered is void as to one of such defendants, the voluntary appearance in his name being unauthorized, does not render said judgment void as to all.

5. Judgments: LIEN UPON PARTICULAR PROPERTY: RELEASE OF LIEN. A judgment defendant cannot, as a matter of right, unaffected by equitable considerations, insist upon the preservation of the judgment lien upon particular property of his co-defendants, nor will the release by the plaintiff of specific property of one of several judgment defendants from the lien of the judgment, of itself, operate to discharge the other defendants from liability therefor.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J. *Reversed.*

*McCabe, Wood & Elmer* and *Cavanagh, Thomas & McGilton*, for plaintiff in error.

*Edgar H. Scott, Schomp & Corson, A. S. Churchill*, and *C. E. Herring, contra.*

POST, C. J.

This was an action in the district court for Douglas county upon a decree of the district court within and for Pottawattamie county and state of Iowa, which resulted in a final judgment in favor of the defendants below, and from which the plaintiff prosecutes error to this court.

The action in the Iowa court was by the plaintiff herein against Henry W. Griswold, as trustee and in his own right, also against Julius C. Iler, Claus J. Schmidt, H. E. Gales, Mary E. Fried, O. P. McKesson, H. P. Stoddart, and M. F. Williams, for the foreclosure of a certain mortgage executed by Griswold as trustee, and resulting in a decree awarding to I. S. Wright, who had intervened therein, a first lien upon the mortgaged property for $2,325, and in favor of the plaintiff a second lien thereon, for a like amount. There was a further finding, to the effect that the several defendants above named were personally liable for the amounts thus adjudged due, accompanied by an order for the sale of the mortgaged premises upon special execution, and for a general exe-

cution against said defendants for any balance thereon remaining unsatisfied by the proceeds of such sale. Said property was thereafter sold as provided by the decree, and the proceeds thereof, to-wit, $2,465.64, applied in satisfaction of the first lien and costs, leaving nothing to apply on the plaintiff's judgment. We shall in our discussion of the questions presented adopt the admirable arrangement thereof in separate brief of counsel for the defendant Gates.

It is first argued that there is a defect of parties, since Henry W. Griswold, against whom, in his own right, judgment was rendered by the Iowa court, was not joined herein as a defendant. It is doubtful, indeed, if that objection is presented by the record, but assuming the omission of the party named to have been properly pleaded, the alleged defect will not avail the defendants in this action, since by statute of Iowa all persons bound by a judgment or decree rendered in that state are both jointly and severally liable thereon. Section 2550, Annotated Code of that state, which was introduced in evidence, reads as follows: "Where two or more persons are bound by contract or by judgment, decree, or statute, whether jointly only or jointly and severally, or severally only, and including the parties to negotiable paper, common orders, and checks, and sureties on the same, or separate instruments, or by any liability growing out of the same, the action thereon may, at the plaintiff's option, be brought against any or all of them. When any of those so bound are dead, the action may be brought against any or all of the survivors, with any or all of the representatives of the decedents, or against any or all such representatives. An action or judgment against any one or more of several persons jointly bound shall not be a bar to proceedings against the others." The evident purpose of the statute above quoted is to abolish the joint liability of persons bound by contract, judgment, or statute, and to authorize the prosecution of actions against any or all of the parties so liable, at the election of the

plaintiff. (*Ryerson v. Hendrie*, 22 Ia., 481; *Hosmer v. Burke*, 26 Ia., 356; *Allen v. Maddox*, 40 Ia., 125.) Griswold was accordingly not a necessary party, and the contention of the defendants, so far as it relates to this branch of the case, is without merit.

2. It is alleged in the separate answer of Gates, and perhaps others of the defendants, that there is another suit pending between the parties hereto upon the same cause of action. The foundation for that contention is the fact that the plaintiff herein, in the year 1889, commenced an action in the district court for Douglas county upon the judgment here involved, which was, upon a trial to the court without the assistance of a jury, determined in favor of Mary A. Fried, one of the defendants therein, on the ground that the appearance in her name in the Iowa court was unauthorized, and that the judgment was as to her void for want of jurisdiction. There was also a final order dismissing said cause as to the other defendants, without prejudice to another action. To the order last mentioned the plaintiff excepted and in due time filed a motion for a new trial, which has, so far as this record discloses, never been submitted to the court for its determination. The motion for a new trial did not of itself operate to suspend the judgment or in any way impair its force or conclusiveness as a determination of the issues involved. Execution will in such case be awarded upon the demand of the successful party for his costs, and in case of an equitable proceeding an appeal may be prosecuted therefrom to this court. (*Parr v. Van Horne*, 40 Ill., 122; *Church v. Goodin*, 22 Kan., 527; *People, ex rel., v. Loucks*, 28 Cal., 68.) The former action is not, therefore, in a legal sense, now pending, and the objection on that ground may be dismissed without further consideration.

3. It is next contended that the plaintiff's remedy is by means of a supplemental proceeding for a deficiency judgment in the Iowa court. This contention is based upon the statutes and recognized practice in the courts

of this state. The laws of Iowa are, it is argued, the record being silent upon the subject, presumed to be the same as our own; hence, as counsel conclude, the court was without authority in the first instance to enter personal judgment against the defendants. It is undoubtedly true, as a general proposition, that the laws of a sister state will, in the absence of proof, be presumed to be the same as those in force in this state; but to that rule there are recognized exceptions, of which the facts of this case afford an excellent illustration. It will, upon reason and authority, be presumed, in the absence of proof to the contrary, that courts of general jurisdiction of other states possess the authority they assume to exercise, and that the methods of procedure pursued by them, although differing from the established practice in this state, are authorized by the laws of the states in which they act. (*Dodge v. Coffin,* 15 Kan., 277; *Ward v. Baker,* 16 Kan., 31; *Sanford v. Sanford,* 28 Conn., 6; Black, Judgments, sec. 889; Freeman, Judgments [4th ed.], sec. 565.) But it is unnecessary to indulge in presumptions in order to sustain the adjudication of the Iowa court, since it is clear that an action would in this state lie upon the record introduced in evidence as a domestic judgment. (*Stover v. Tompkins,* 34 Neb., 465; *Eldredge v. Aultman, Miller & Co.,* 35 Neb., 884.)

4. It is claimed that the judgment which is the basis of this action, having been determined in the former suit to be void for want of jurisdiction so far as it concerns Mary A. Fried, one of the defendants named therein, is void as to all of the defendants. That claim rests upon the assumption to which we have already alluded, viz., that the judgment in question is the joint obligation only of the several defendants. But the mortgage debt was, as we have seen, the joint and several obligation of the parties thereto, and that the plaintiff might, at its election, have pursued its remedy by means of personal judgment against any or all of such parties. Had Mrs. Fried not been made a party to the foreclosure proceedings

and the cause prosecuted to judgment against these defendants, the latter would, in view of the statute quoted, have had no ground of complaint. Again, had the appearance in Mrs. Fried's name been authorized, and the judgment against her in all respects regular and binding, an action would lie thereon against her alone, or against one or all of the other defendants in her absence. And since it was the plaintiff's privilege to proceed against any or all persons liable for the mortgage debt, the unauthorized appearance for one party named as a defendant cannot on principle be said to render the judgment void as to others regularly served with process, or who voluntarily submitted themselves to the jurisdiction of the court.

5. Finally, it is alleged by the defendants Gates and Schmidt, and urged by way of argument, that the effect of the release by plaintiff from the operation of the judgment of certain property in Pottawattamie county was to satisfy said judgment and discharge said defendants from liability therefor. The facts relied upon to support that claim, briefly stated, are as follows: The plaintiff, by its cashier, executed certain written orders, directed to the clerk of the district court, substantially similar in form, one of which is here set out:

COUNCIL BLUFFS, IA., February 27, 1890.

"*H. J. Chambers, Dist. Court, Potta. Co., Ia.*—DEAR SIR: Please release lots 5, 6, and 7, block 17, Mill Addition to Council Bluffs, from lien of a judgment of $2,442.25 in favor of the Council Bluffs Savings Bank, as appear in judgment docket 7, page 172.

"By order of COUNCIL BLUFFS SAVINGS BANK,
                "By A. W. REIKMAN, *Cashier*."

These orders, it is conceded, refer to the judgment involved in this action, and in obedience thereto formal entries were made by the clerk releasing the property therein described from the judgment lien. There is, it should be observed, no pretense that the property thus

released was included in the mortgage, or that the plaintiff had any specific lien thereon as security for the indebtedness which is the foundation of the judgment. It does not appear that the plaintiff received any consideration whatever for the releases alleged, nor is it shown by pleadings or proof that the property described was at the time of its release owned by the non-complaining defendants, who are by counsel referred to as "the Council Bluffs parties," or that said defendants, or any of them, are insolvent or unable to contribute their just proportion of the judgment indebtedness. The question is not, therefore, that of an alleged payment, relied upon as a defense in full or *pro tanto*, or the power of courts of equity to control the enforcement of judgments in order to administer equity between the several parties liable therefor, but whether one defendant may, as a matter of right, unaffected by equitable considerations, insist upon the preservation of the judgment lien upon particular property of his co-defendants. The contention of defendants must fail for the obvious reason that the law will not require resort to particular property for the satisfaction of a judgment. Indeed, courts of law have, as a rule, nothing to do with the way in which their judgments are enforced or the funds from which they are satisfied; they merely pronounce the sentence of the law upon the facts before them, to which, as an incident thereof, a lien attaches by virtue of statute. (Black, Judgments, sec. 402.) But it is needless to cite authority in support of a proposition which may be demonstrated by an illustration. The plaintiff in this case might, without prejudice to a subsequent proceeding for its enforcement, have suffered the judgment to become dormant, thereby discharging the lien as to all property owned by Council Bluffs defendants, and we are unwilling to hold that it was unable to do directly that which it could, as all admit, accomplish by indirection.

The reasons which controlled the district court in its findings and judgment for the defendants do not clearly

appear, but since the record presents questions of law only, which as we have seen, must be resolved in favor of the plaintiff, it follows that the judgment must be reversed and the cause remanded for trial *de novo*.

REVERSED.