MARVIN CHAMBERLAIN, APPELLEE, V. FRANK VANDERHOOF:
GEORGE M. CHRISTIAN, APPELLANT.

FILED NOVEMBER 18, 1925.    No. 23377.

1.  Pleading: AMENDMENT: DISCRETION OF COURT. "It is not an
    abuse of discretion for the district court to refuse to permit an
    amended answer, presenting a new defense, to be filed at the
    time a case is called for trial, where it appears that the facts
    embraced in the proposed amendment were known when the
    original answer was filed, and no excuse is offered for the delay
    in making the application for leave to amend." *Western Assur-
    ance Co. v. Kilpatrick-Koch Dry Goods Co.*, 54 Neb. 241.
2.  Evidence: FOREIGN JUDGMENT. A judicial record of another
    state authenticated as provided in section 8920, Comp. St. 1922,
    is admissible in evidence as proof of the foreign judgment.
3.  Foreign Judgment: AUTHENTICITY. A judgment of a sister
    state, when properly authenticated, imports verity, and it is
    not incumbent upon the plaintiff to allege or prove that the
    foreign court had jurisdiction of the person of the defendant.
4.  Evidence examined, and *held* sufficient to sustain the judgment.

APPEAL from the district court for Lancaster county:
FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*Fred C. Foster, O. K. Perrin* and *S. M. Kier*, for appellant.

*W. T. Thompson* and *J. C. Martin, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMP-
SON and EBERLY, JJ.

DAY, J.

Action by plaintiff upon a foreign judgment against
Frank Vanderhoof and George M. Christian. In the present
action service of process was had on defendant Christian
only. The petition contained the usual averments in actions
of this character. The answer of defendant Christian was a
general denial. A jury was waived and trial had to the
court, resulting in judgment in favor of the plaintiff for the
amount of the original judgment with accrued interest
thereon. As to defendant Vanderhoof the action was dis-
missed. From this judgment defendant Christian appeals.

It is first urged that the court erred in refusing permission to the defendant to amend his answer. When the case was called for trial defendant asked leave of the court to amend his answer by pleading that no service of summons had been had upon him in the original action, and that the court in that action was without jurisdiction to render a judgment against him. The plaintiff objected to the filing of the proposed amendment upon the ground that the application came too late; that the plaintiff would be prejudiced by a change in the issue at a time when the case was called for trial. The court sustained the objection and the proposed amendment was disallowed.

The right to amend a pleading is largely a matter resting in the sound discretion of the court. The matter embraced in the proposed amendment was well known to the defendant at the time he filed his answer. No excuse is given for his failure to include in the original answer the defense sought to be pleaded in the proposed amendment. In *Hurlbut v. Proctor*, 88 Neb. 491, the rule is stated as follows: "The denial of leave to amend a pleading during the trial is not reversible error, if the record fails to disclose that the trial court in so ruling abused its discretion." In *Western Assurance Co. v. Kilpatrick-Koch Dry Goods Co.*, 54 Neb. 241, it was held: "It is not an abuse of discretion for the district court to refuse to permit an amended answer, presenting a new defense, to be filed at the time a case is called for trial, where it appears that the facts embraced in the proposed amendment were known when the original answer was filed, and no excuse is offered for the delay in making the application for leave to amend." We think the court did not abuse its discretion in refusing the amendment to the pleading.

It is next urged that the court erred in admitting in evidence, over the objection of the defendant, the transcript of the judgment rendered in Adams county, Colorado, being the judgment upon which the present action is founded.

Section 8920, Comp. St. 1922, provides that a judgment of another state may be proved by the attestation of the

clerk and seal of the court annexed, together with the certificate of a judge, chief justice, or presiding magistrate, that the attestation is in due form of the law.

All of the requirements were complied with in this case and the objection to the introduction of the transcript in evidence was properly overruled. It is argued, however, that the transcript of the judgment offered in evidence fails to show that the court in which it was rendered had jurisdiction of the parties to the action. The record shows that the Colorado court was a court of record having general jurisdiction. The judgment is complete and regular on its face, and is *prima facie* valid. In such case it is not necessary that the judgment recite that the court had jurisdiction of the cause or of the parties. *Gunn v. Peakes,* 36 Minn. 177; *Kunze v. Kunze,* 94 Wis. 54; *Ferry v. Miltimore Car Wheel Co.,* 71 Vt. 457; *Fisher, Brown & Co. v. Fielding,* 67 Conn. 91.

Notwithstanding the ruling of the court denying the defendant leave to amend his answer in the manner above referred to, the defendant testified, without objection, that he was never served with process in the case in Colorado, and that he never authorized any one to appear for him in that court. He admitted, however, that he was present at the trial and testified as a witness on behalf of Vanderhoof. It is not clear whether the trial court disbelieved the testimony of Christian that he was not served with process in Colorado and did not appear as a party in that case, or whether the court regarded his testimony as not responsive to any issue made by the pleadings. The finding of the trial court was a general finding in favor of the plaintiff.

In any view which may be taken of the record, we are convinced that there was no error in the trial calling for a reversal of the judgment. The judgment of the district court is

AFFIRMED.