NATIONAL CITY BANK 'OF CLEVELAND, APPELLEE, V. ALFRED K. JONES, APPELLANT.

32 N. W. 2d 755

Filed June 18, 1948. No. 32353.

*John A. McKenzie,* for appellant.

*W. J. Papenbrock, Cloid J. Wilson,* and *Joseph B. Fradenburg,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER,

CHAPPELL, and WENKE, JJ., and BARTOS and JACKSON, District Judges.

JACKSON, District Judge.

This action originated in Nebraska by the commencement of proceedings in the municipal court of the city of Omaha. Appellee, hereinafter called plaintiff, sought recovery therein on judgment entered against appellant, hereinafter called defendant, in the court of common pleas of Cuyahoga County, Ohio, the same being based upon a cognovit note, admittedly executed by defendant and delivered to plaintiff. The municipal court found and entered judgment in favor of plaintiff. Thereupon defendant appealed to the district court for Douglas County, where, at the close of all evidence, and upon motion by both plaintiff and defendant for directed verdict, the court discharged the jury, overruled the motion of defendant, sustained the motion of plaintiff, and entered judgment in its favor.

Defendant insists that the trial court erred in directing a verdict for plaintiff when it did not plead or prove the law of the State of Ohio with reference to procedure; in allowing plaintiff to offer testimony as to the law of that state when the same was not pleaded either in the municipal or district court; and in dismissing the set-off and recoupment pleaded by defendant.

At the trial plaintiff introduced in evidence a duly authenticated copy of proceedings had in the Ohio court, and then called as a witness a regularly admitted practitioner of law of that state, who testified that the proceedings were in accordance with the law and practice of Ohio. The note was also received in evidence.

Defendant testified that he had made a payment on the note for which he was not given credit, and that he was defrauded in the sale by plaintiff to him of certain stock pledged as collateral to the note.

In Ohio the legality of cognovit notes is recognized by

law; and the regularity and propriety of all proceedings had in the Ohio court was adequately proven.

Under the circumstances, it was the duty of the trial court, and is now the duty of this court, under the Constitution of the United States, to give full faith and credit to the Ohio judgment.

This court has heretofore had occasion to consider the propositions here involved.

The case of Chamberlain v. Vanderhoof, 114 Neb. 47, 206 N. W. 10, announces the rule that a judicial record of another state, authenticated under section 8920, Compiled Statutes 1922, now section 25-1286, R. S. 1943, is admissible in evidence as proof of a foreign judgment; that a judgment of a sister state, when properly authenticated, imports verity; and that it is not incumbent upon the plaintiff to allege or prove that the foreign court had jurisdiction of the person of the defendant.

The case of Council Bluffs Savings Bank v. Griswold, 50 Neb. 753, 70 N. W. 376, is also in point. Therein this court said that the laws of sister states will, as a rule, in the absence of proof, be presumed to be the same as our own; that there are, however, to that rule recognized exceptions, among which is that courts of general jurisdiction of other states will, unless there is proof to the contrary, be presumed to possess the authority they assume to exercise, and that the methods of procedure pursued by them are authorized by the laws of the state in which they act.

It would seem, therefore, that the first two assignments in error are without merit and that the propositions contended for by defendant should be resolved against him.

The claim of defendant that he was not credited with payment made by him on the note would also seem to be groundless. An employee of plaintiff bank produced the original ledger sheet of its dealings with defendant and, on the strength thereof, testified that defendant had been credited with the alleged payment.

Under this apparent conflict in testimony, the trial

judge found in favor of plaintiff. The case of In re Estate of Allen, 147 Neb. 909, 25 N. W. 2d 757, is authority for the proposition that where parties at the close of the evidence move for a directed verdict, they invite the court to discharge the jury, determine the facts and apply the law thereto, and that error cannot be predicated upon the acceptance of such invitation.

The only other question presented was whether the alleged counterclaim or recoupment was properly denied. Plaintiff insists that such question was or should have been adjudicated by the courts of Ohio, and could not properly be considered by the trial court. Plaintiff also insists that such claim, if any existed, is barred by the statute of limitations.

The cases of Baker v. Somerville, 138 Neb. 466, 293 N. W. 326, and Wightman v. City of Wayne, 144 Neb. 871, 15 N. W. 2d 78, announce the rule that the doctrine of res adjudicata includes not only the things which were determined in a former suit, but also any other matter properly involved which might have been determined therein.

This action being on a judgment and not the note, it would seem that the contention of defendant is without merit, especially in view of the fact that the statutory period for the commencement by defendant against plaintiff of an action for fraud has long since expired.

The judgment of the district court is affirmed.

AFFIRMED.